## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amaala Jones-Bey | : |
|    Next Friend and Mother of Daughter | : |
|    Z.J.-B. Individually | : |
|    And as the Personal Representative  : | |
|    and Administrator of | : |
| THE ESTATE OF KARON HYLTON | : |
| Estate No. 2021 ADM 001403 | : |
| Address: 1629 K Street, NW | : |
| DC  20020 | : |
| | : |
|       Plaintiff | : |
| | : |
| v. | : CA : 1:21-cv-02674-JMC |
| | : |
| District of Columbia | : |
| a municipal corporation | : |
| 441 Fourth Street, NW | : |
| Washington, DC  20001 | : |
| | : |
|    Mayor Muriel Bowser | : |
|    Office of Mayor | : |
|    1350 Pennsylvania Avenue, N.W. | : |
| | : |
|    Tonia Robinson, designee | : |
| | : |
|   Office of the Attorney General | : |
|   Karl A. Racine | : |
|   District of Columbia | : |
|   441 4th Street, N.W. | : |
|   Washington, DC  20001 | : |
| | : |
|       and | : |
| | : |
| MPD DC Patrol Officer 1 – TERRENCE SUTTON | |
|      Police Officer Driver | : |
| | : |
| MPD DC Patrol Officer 2 - Carlos Tejera # 10376 : | |
|      Police Officer Passenger | : |
| | : |
| MPD DC Patrol Officer 3 - Ahmed Al-Shrawl # 11756 : | |
|      Police Officer Passenger | : |
| | : |
| MPD DC Patrol Officer 4 – Cory Novick # 11594 | : |

1

        Police Officer Passenger

MPD DC Patrol Officer 5 – Andrew Zabavsky    :
        Driver of Patrol Car II    :

## MOTION TO INTERVENE AND TO DISMISS
## WITH POINTS AND AUTHORITIES

COMES NOW, Amaala Jones Bey, on behalf of her next friend, child, and as the real party in interest, as Personal Representative of the Estate of Karon Hylton, and on behalf of the sole heir of Karon Hylton, his daughter Z.B.J., moves this Court, pursuant to FRCP 24, to allow the intervention of the real personal representative of the Estate of Karon Hylton, i.e. Amaala Jones-Bey, PR, and to the extent that the case of Karen Hylton is fraudulent before this court, by Karen Hylton, that her case be dismissed and that the real party in interest be substituted allowed to proceed in this court without and remnants of Party Plaintiff in this case, Karen Hylton.

In the case of Karen Hylton, who is currently before this court on her own complaint, on behalf of the Estate of Karon Hylton, has falsely and fraudulently represented to this Court twice in her complaints in this action that she is the Personal Representative of the Estate of Karon Hylton:

First Complaint

Please be advised and accept this letter as notice under D.C. Code s12-209 and any other applicable provisions of the District of Columbia Code or Federal law, That Ms Karen Hylton ,as personal representatives of the estate of my deceased son Karon Hylton -Brown, will pursue any and all legal remedies available to me against the Metropolitan Police Dept and the four yet unnamed offices as well as all elected officials Mayor Bowers etc, Chief Newsham including those describe herein any other causes of action arising out of these facts.

Second Complaint:

> applicable provisions of the District of Columbia Code or Federal law, That Ms Karen Hylton ,as personal representatives of the estate of my deceased son Karon Hylton -Brown, will pursue any and all legal remedies available to me against the Metropolitan Police Dept and the four yet unnamed offices as well as all elected officials Mayor Bowers etc, Chief Newsham including those describe herein any other causes of action arising out of these facts.

Such statements were made by the purported Plaintiff, Karen Hylton, knowing that they were false when she made them. It is obvious that if she knew that is was necessary to file a Complaint on behalf of the Estate of Karon Hylton, twice, that she had to have known that she was not the Personal Representative of the Estate of Karon Hylton. Furthermore, an affirmative action of some kind is required to be a Personal Representative of the Estate. Clearly, Ms. Hylton must have known people who have died; and in those cases, Personal Representatives are appointed. While she might not have known all the details to perfect becoming a personal representative of the Estate, it is hard to imagine an adult who doesn't know that a personal representative must be appointed by the government to be a Personal Representative (PR) of the Estate. What is more, on or about March 31, 2022, Charles Gerstein entered an appearance on behalf Karen Hylton and her interest in the Estate of Karon Hylton and has maintained her PR status and has not retracted this representation that Karen Hylton is the Personal Representation of the estate. It is clear that Mr. Gerstein knows that Karen Hylton is not the Personal Representative of the Estate; but rather than do things the right way, he is buying time based on a litany of lies to preserve whatever benefits he wants to procure for his client, Karen Hylton.

Thus, both Karen Hylton and her attorney, Michael Gerstein have asserted that Karen Hylton is the personal representative of the Estate of Karon Hylton when they knew that she was not. They did this collusion in order to buy time to attack the real

party in interest, Amaala Jones Bey, and her daughter, Z.B.J. the real party in interest. This clever and calculated maneuver is an out and out fraud upon this court.

Furthermore, Plaintiff respectfully requests that Ms. Jones-Bey be allowed to file her Complaint in this Court as the real complaint in interest, and that the Complaints filed by Karen Hylton be dismissed as their foundation is fraud.  It is not the role of this Court to determine who is the correct Personal Representative of the Estate of Karon Hylton.  That decision belongs in the Probate Division of the Superior Court.  Since Karen Hylton has no authority to file her Complaints as the personal representative of the Estate, the entire legal position of Karen Hylton in this court must fail and her case must be dismissed in favor of the real party in interest.

Thus, Plaintiff , pursuant to FRCP 24, moves this court to intervene, and further, to prevent counsel Michael Gerstein from further representation and to pay damages to this court for the perpetuation of this fraud.  Furthermore, Plaintiff will move to prevent Mr. Gernstein from further representing Karen Hylton in any matter related to the estate of Karon Hylton as he has knowingly and falsely represented to this court that Karen Hylton was the personal representative of the Estate of Karon Hylton and acquiesced to this posture  so he could buy time to attack the lawful position of Amaala Jones-Bey who currently has the right to proceed on behalf of the Estate of Karon Hylton against the District of Columbia.  Karen Hylton has had over a year to establish her position as the rightful PR in the Probate Division.  Since she has not done so, she cannot cure her position in this Court.  Having failed to take the initiative, she should not now be allowed to inconvenience this court or any other court no that Amaala Jones Bey's Personal Representative has been established.

Wherefore, Plaintiff respectfully requests that she be allowed to intervene on behalf of the Estate of Karon Hylton and that the false claim of Karen Hylton's assertion that she is the Personal Representative of Estate of Karon Hylton be stricken from this record and that she be dismissed as a party as she is doing so based on her purported status of her being the personal representative of the Estate of Karon Hylton.  When the house is all based on the foundation of fraud, it must crumble.  If Karen Hylton claims Personal Representative status, she and her counsel know where to challenge the Plaintiffs rightful status, in the Probate Division.  It is not in this court.  Thus, timely dismissal of the Karen Complaints are appropriate.

After that challenge, and if they are successful, then such a purported right might potentially materialize.  But as to the current status, the complaints of Karen Hylton are based on a foundation of fraud.  They have based their entire Complaint on the fact that she was the personal representative of the Estate when both Karen Hylton and their counsel knew she is not.

Plaintiffs proffer their Complaint that has already been filed in the USDC for DC, as the real complaint of the Estate of Karon Hylton and request to proceed in this Court to complete the resolution of this matter.  Exhibit 1.

Plaintiff attaches her Complaint to this Motion to Intervene and requests permission for it to be filed in this action.  According to Karen Hylton's notation, in a document asserted by Karen Hylton, such a filing is as a matter of right as this "Jones-Bey also filed a separate action in this court 21-CV-2785.  Upon substitution of the proper plaintiff, this case would take priority because it was filed first. See Local Civil Rule 40.5 (earlier filed case takes priority in related or consolidated case(s) in this

5

court." Thus, since Karen Hylton, seems to encourage Plaintiff to file in this Court, Plaintiff is filing their Complaint for approval in this action as Exhibit 1.

Of course, this is not to say, that Karen Hylton does not legitimately grieve the passing of her son. Plaintiff and her PR offer their sincere condolence and understand better than anyone else, the tragic loss of life of Karon Hylton.

I ask for this:

_____/s/_____
David L. Shurtz, Bar Number 454598
1200 N Nash Street, # 835
Arlington, VA  22209
(202) 617-9141 phone
(703) 525-0720
dshurtz103@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion to Intervene and related documents have been sent through the electronic process of service of process upon this court on this _____ day of _____. 2022.

_____

David L. Shurtz