UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HYLTON, Plaintiff, | : |
| | : |
| v. | : Civil Action No. 1:22-cv-00554-JMC |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants | : |
| | : |
| The Estate of Karon Hylton, by | : |
| PR, Amaala Jones Bey's , PR | : |

3rd Party Plaintiff's Memorandum of Points and Authorities in Support of 3rd Party Plaintiff's Motion  TO DISQUALIFY  COUNSEL **Charles Lewis Gerstein,** and his law firm, GERSTEIN & HARROW LLP

Comes now, 3rd Party Plaintiff, Amaala Jones Bey, by counsel, and in support of 3rd Party Plaintiffs Motion to Disqualify Counsel Charles Lewis Gerstein, and the law firm of GERSTEIN & HARROW, provides the Memorandum of Points and Authorities.

Plaintiff emphasizes what this court already knows, that the case of Karon Hylton is one of the biggest civil rights cases in the city with respect to notoriety.   The officer driving the primary chasing vehicle is being charged with second degree murder.  The supervisor, who also participated in the chase, is also being charged with obstruction of justice, both by the AUSA. The amounts sued for are large and realistically so.  To think that this is a minor case that will not be exposed to a heightened level of scrutiny is naïve. One would expect that the most basic elements would be honestly and accurately addressed.  The most basic statute setting the prerequisites for filing a wrongful death law suit was ignored:

§ 16–2702. Party plaintiff; statute of limitations.

An action pursuant to this chapter shall be brought by and in the name of the personal representative of the deceased person …

Yet, the very foundation, the gravamen of the Karen Complaints for Survivorship and Wrongful Death are premised on the most critical lie, that she is the personal representative of

the Estate of Karon Hylton when she is not.  This does not take rocket science to figure out this flaw.  It was obvious to Karon Hylton and her counsel that she was not the personal representative of the Estate of Karon Hylton when the Karen complaints were filed and continued throughout her representation by the GERSTEIN GROUP.

In both of Karen Hylton's filed Complaints, she asserted that she was the personal representative of the Estate of Karon Hylton.  One would wonder why she made that assertion twice in her two respective Complaints filed in the USDC for DC when she is not the personal representative of the Estate of Karon Hylton.  She must have known that being the personal representative of the Estate was a necessary prerequisite to filing the complaint.  The solution was easy.  Just lie!  And she made the same lie twice in her two respective complaints.  Was Karen Hylton so naïve to think that that was not really one of the prerequisites to filing a wrongful death and survival action?  It is understandable that a grieving mother does deserve sympathy, but for the loss of her son; not for fraudulently manipulating the Court.  Maybe the Court wants everything to be played out first.  But why waste valuable time and resources when the dismissal is a foregone conclusion.   Nonetheless, the gravamen of filing  survival and wrongful death actions in the Federal Court is being qualified as a personal representative of the Estate.  Karen Hylton is not.  Amaala Jones Bey is.

While there may be some sympathy for Karen Hylton, that does not extend to the counsel who represents her.  Clearly, the GERSTEIN GROUP has been advised by the District of Columbia ("District") that the true personal representative of the Estate of Karon Hylton is Amaala Jones Bey pursuant to the Districts Motion to Dismiss.  In that Motion, the District presented to the Gerstein Group the Order of the Probate Division appointing Amaala Jones Bey, to be the personal representative of the Estate of Karon Hylton.  It cannot be assumed that counsel's basic reading skills are deficient or that there was just an innocent oversight.   It must be borne out of the enthusiasm to make a big case work; when it was not meant to be for this party.

Did GERSTEIN GROUP think that the real party in interest, the sole lawful heir, Z.B.J. and her mother would not find out that Karen was trying to take over the Z.B.J's case?  Did GERSTEIN GROUP  think that when he first approached 3rd party's Plaintiff's counsel with an offer to cure Karen's  defective complaint by substituting Z.B.J.'s Complaint and then letting Karen and her counsel take over the administration of the wrongful death case,  because they

didn't have a legitimate PR, would be appealing to 3rd Party Plaintiff's counsel?  Exhibit 2.  This way Karen could still be in control of the law suit and the child's money and Amaala Jones-Bey's hard work would be swallowed up by the GERSTEIN GROUP grab.

When it became clear to the 3rd Party Plaintiff that the GERSTEIN GROUP was trying to supplant the legitimate PR, Jones-Bey, in place of the "pretender PR, Karen Hylton, with Amaala Jones-Bey's pristine PR status, the 3rd Party Plaintiff passed on resurrecting Karen Hylton's Complaints this Easter.  It is apparently the GERSTEIN GROUPS' tactic to stall out the case filed in the USDC for DC to buy time to petition the Probate Court to remove Ms. Jones Bey.  But that is for the Probate Court to do, not the USDC for DC.  Thus, when 3rd Party Plaintiff Jones-Bey was presented with the proposal to let Karen Hylton, borrow their legal PR status in order to buy time to challenge the PR Status of Jones Bey, it was met with a resounding NO from the 3rd Party Plaintiff.  Exhibit * But this did not deter the GERSTEIN GROUP's effort.  They none-the-less have bought some time to challenge the status of Amaala Jones Bey in the Probate Division.  But by doing so, the GERSTEIN GROUP cannot cure the profound defect in the complaint, that Karen is not the Personal Representative of the Estate of Karon Hylton.  Thus, you have a Complaint filed by Karen Hylton with absolutely no foundation and no quick fixes, taking up time and resources of attorney's and the Court that are already swamped.  This case should be dismissed immediately.  Let them cure their problems in the Probate Court, not in the USDC for DC.  If the Karen Hylton case is bent successfully towards her establishing a PR Status, the USDC for DC will still be here.  No reason to tie up resources in the USDC for DC based on fraudulent representations.

It appears that what the GERSTEIN GROUP are trying to do is buy time to get Karen established as the personal representative of the estate at the expense of the rights and interest of the closest "next of kin", Z.B.J and her PR, Amaala Jones-Bey.  Karen is not even the "next" in the next of kin! The child takes over the Mother of the decedent.  It seems so basic that you can't use fraud to buy time in the U.S.D.C. for D.C.  The very thought provokes shaking one's head.

As provided in the Motion, the GERSTEIN GROUP know that Karen Hylton is not the personal representative of the estate. The GERSTEIN GROUP seems to have acquiesced to their client's fraud upon this court; thereby compounding it. There first step should be to cure the PR status defect.  This allegation of being a PR  is the very embodiment of the kind of facts and violations contemplated by the Rules of Professional Conduct, Rule 4.1, Truthfulness in

Statements to Others. "A lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent." The GERSTEIN GROUP know that Karen Hylton is not the PR. Yet they are proceeding before this tribunal dodging the fatal bullet. Yet the GERSTEIN GROUP cannot proceed with their complaints because the PR status is based on fraud. This is not the only flaw with their meager complaints.

It is all so simple. Karen Hylton is not the personal representative of the Estate of Karon Hylton. Karen Hylton and her counsel are lying to buy time. But buying time on fraudulent representations should not provide sanctuary for fatally defective complaints. Karen Hylton has has no right to be in Federal Court as the foundation of which is the lie that Karen Hylton is the personal representative of the Estate of Karon Hylton when she is not.

This fraud perpetrated by the GERSTEIN GROUP is on the biggest civil rights case pending in the city. The very audacity of the premise, that you can make up being a personal representative to make it more convenient to file a wrongful death complaint, quite frankly, takes 3rd Party's Plaintiff's breath away and is antithetical to the Probate Division of the DC Superior Court.

Accordingly, since the Karen's counsel is continuing the perpetration of the personal representation fraud by trying to give Karen's complaint some legitimacy, and hoping to hold out until they can take corrective action in the Probate Division should not be allowed by the USDC for DC. Complaints filed based on fraud should be stamped out immediately and exposed for the sham that it is. Thus reckoning and retribution is in order. Having this court waste its time and effort on case that should have never been filed and was done so based on fraud, should result in sanctions. Karen Hylton knew she was not the PR when she filed her Complaints and her counsel knew the same. Both should be sanctioned from further prosecuting their action in the USDC and since the GERSTEIN GROUP is perpetuating the fraud of their client, the GERSTEIN GROUP should be prevented from any further and future representation of the Wrongful Death and Survival Claims growing out of the encounter with the DC Police that, regrettably, resulted in Karon Hylton's death, whether in the DC Superior Court or the USDC for DC.

5

Thus, Plaintiffs move this Court for an Order preventing any further representation by the GERSTEIN GROUP of Karen Hylton and that the costs associated with this litigation thus far be borne by the GERSTEIN GROUP.

I ask for this:

_____/s/_____
David L. Shurtz, Counsel for 3rd Party Plaintiff
1200 N. Nash Street, # 835
Arlington, VA  22209
(202) 617-9141
dshurtz103agmail.com

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing has been sent to all appropriate parties via this Court's automatic delivery system for litigated cases.



_____/s/_____

David L. Shurtz