UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, *Plaintiff*, v. DISTRICT OF COLUMBIA, *et al.*, *Defendants*. | Civil Action No. 1:21-cv-02674-JMC |

**DEFENDANT DISTRICT OF COLUMBIA'S OMNIBUS OPPOSITION TO NON-PARTY KAREN HYLTON'S MOTION TO INTERVENE AND RESPONSE TO HER LETTER TO THE COURT**

Defendant District of Columbia (the District) opposes Non-Party Karen Hylton's Motion to Intervene [32] in *Jones-Bey, et al. v. District of Columbia, et al.* because her intervention requests (at a minimum) unfettered participation in the litigation or (at a maximum) judicial permission to usurp tactical control from counsel for Plaintiff Amaala Jones-Bey. *See* Gerstein Letter [28]. Either way, the District does not oppose Ms. Hylton's intervention in principle, but requests that the Court impose clear conditions on her participation to ensure the "efficient adjudication of the litigation." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010). As explained below, the Court should (1) limit her participation to any settlement discussions and presenting evidence at trial related only to *her* damages resulting from her son's death, (2) limit Ms. Hylton's pleadings under Fed. R. Civ. P. 24(c) to claims brought by Ms. Jones-Bey in her Amended Complaint [26]. The Court should also decline to grant any relief requested in the letter filed by Ms. Hylton's counsel for failure to comply with Rule 7(b)(1) and because there is no legal basis for the relief requested.

## BACKGROUND

On April 28, 2022, the Court held a status conference and consolidated—over the District's objections—*Karen Hylton v. Muriel Bowser, et al.*, Civil Action No. 21-cv-02674 with *Amaala Jones-Bey, et al. v. District of Columbia, et al.*, Civil Action No. 21-cv-02785.  The Court then ordered Plaintiff Jones-Bey to file forthwith her Amended Complaint on the docket in 21-cv-02674 and administratively closed the docket in 21-cv-02785.  *See* May 3, 2022 Dkt. Entry ("Cases Consolidated"); May 27, 2022 Min. Or.  The Court also ordered Plaintiff Hylton to file her Second Amended Complaint by June 10, 2022, and set Defendants' responsive pleading deadline as August 1, 2022.  Apr. 28, 2022 Min. Or.

On June 3, 2022, Plaintiff Jones-Bey filed her Amended Complaint [26].  Counsel for Ms. Hylton filed a letter on June 9, 2022, requesting permission to request summons and serve Defendants.  *See* Gerstein Letter [28].  Then, on June 10, 2022, Hylton filed a voluntary dismissal of *Karen Hylton v. Muriel Bowser, et al.*  Notice of Voluntary Dismissal [31] and a Motion to Intervene [32].

## ARGUMENT

**I.   The Court Should Impose Restrictions and Conditions on Ms. Hylton's Intervention.**

Although only the personal representative of a decedent's estate has standing to bring a wrongful death action, an award of damages is not one for the estate but for a decedent's "close relatives."  *See, e.g.*, *Robinson v. District of Columbia*, 130 F. Supp. 3d 180, 188 (D.D.C. 2015); D.C. Code § 16–2701(b); D.C. Code § 16–2702; D.C. Code § 16–2703 (damages "shall be distributed to the spouse and next of kin according to the allocation made by the verdict or judgment, or in the absence of an allocation, according to the provisions of the statute of distribution in force in the District.").  Thus, under precedent from the D.C. Court of Appeals,

2

Ms. Hylton may intervene as a matter of right in the wrongful death claim brought in *Jones-Bey, et al. v. District of Columbia, et al*. *See Jones v. Fondufe*, 908 A.2d 1161, 1165 (D.C. 2006) (granting intervention as a matter of right to mother of decedent in wrongful death case brought by decedent's father, who was also personal representative of the estate for survival action); *accord. Schoenborn v. Washington Metro. Area Transit Auth.*, 247 F.R.D. 5, 10 (D.D.C. 2007) (granting intervention as a matter of right to daughter of decedent in wrongful death case brought by decedent's spouse, who was also personal representative of the estate for survival action). That said, intervention does not equate to unlimited participation: Courts may impose appropriate conditions or restrictions on an intervenor's participation in litigation. *See* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendments ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). As explained below, the Court should impose two restrictions on Ms. Hylton's participation in this case.

A. **The Court Should Limit Ms. Hylton's Participation to Settlement Discussions and Presentation of Evidence of Her Damages at Trial.**

The Court should limit Ms. Hylton's intervention to "participation in settlement discussion and advocating for her share of any potential monetary award," *Schoenborn*, 247 F.R.D. at 10 n.5, and "arguing and presenting evidence of the damages peculiar to her resulting from her son's death." *Jones*, 908 A.2d at 1165. This limitation is consistent with those imposed in similar circumstances where intervention was granted in wrongful death suits and will "prevent the single lawsuit from becoming fruitlessly complex or unending." *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969). Thus, the Court should limit Ms. Hylton's participation only to the issue of her alleged damages.

B.     **The Court Should Limit Ms. Hylton's Intervention to Claims in *Jones-Bey, et al. v. District of Columbia, et al.***

Along those same lines, the Court should require Ms. Hylton to refile her Rule 24(c) pleading because her current pleading goes well-beyond any recognized right to intervention. Fed. R. Civ. P. 24(c) requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense *for which intervention is sought*." Instead, Ms. Hylton brings two of her *own* claims in her "Complaint in Intervention," consisting of 109 paragraphs of facts. *See* Hylton Compl. [31-1]. Ms. Hylton's intervention is limited to claims already within the *Jones-Bey* Amended Complaint [26]. *See Cnty. Of San Muguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 n.17 (D.D.C. 2007) (limiting intervention to claims within the complaint); *Waterkeeper Alliance, Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018) (confining intervenor to arguments to the existing claims and prohibiting raising new claims or collateral issues). Ms. Hylton lacks standing to bring *any* claim against Defendants, and she concedes as much. *See* D.C. Code § 16-2702; Pl.'s Mot. to Intervene [32] at 7. And further, the event that gives rise to Plaintiff Jones-Bey's cause of action is the same event on which Ms. Hylton seeks intervention to collect any damages award (or settlement allocation).

To that end, if the Court grants her motion to intervene, the Court should require Ms. Hylton to refile her pleadings to clearly identify which of the 19 claims brought by Plaintiff Jones-Bey for which Ms. Hylton is seeking intervention, along with the basis for her damages claim. *See also* LCvR 7(j) (A motion to intervene "shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought."); *Waterkeeper Alliance, Inc.*, 330 F.R.D. at 10. This limitation will reduce unnecessary review and argument on Ms. Hylton's "Complaint in Intervention" and will preserve both party and judicial resources so the case can proceed efficiently. *See, e.g.*, *Wildearth Guardians v. Salazar*, 272 F.R.D. at 20

4

(citing concerns of efficient adjudication of the litigation). Otherwise, all Defendants will have to file responsive, substantive pleadings in two apparently separate cases, one of which—as all Parties have acknowledged—has no basis to proceed because Ms. Hylton does not have standing for her own separate claims. *See* Notice of Voluntary Dismissal [31]. Because any claim to damages by Ms. Hylton, is wholly derivative of the *Jones-Bey* Amended Complaint, the Court should also impose this restriction.

II. **The Court Should Deny Ms. Hylton's Improper Letter to the Court Requesting Permission to Obtain Summons and Effect Service.**

"A request for a court order *must* be made by motion." Fed. R. Civ. P. 7(b)(1) (emphasis added). Despite this well-known rule, counsel for Ms. Hylton filed a letter "to request (a) that this Court *sua sponte* (or on our motion) extend the time for serve on the Defendants in *Jones-Bey* (as an initial matter) by two weeks and (b) that this Court permit soon-to-be intervenor Hylton to seek summonses from the clerk and effect service on them correctly." Gerstein Letter [28]. The Court should deny any relief requested in Mr. Gerstein's letter because it is improper. *See* Fed. R. Civ. P. 7(b)(1); LCvR 7(a), (c) (requirements for motions).

Moreover, as Ms. Hylton acknowledges, she lacks standing to bring the wrongful death case because she is not personal representative of the estate. *See* D.C. Code § 16-2702; Pl.'s Mot. to Intervene [32] at 7. And there is no precedent for her to request that the Court plainly ignore that counsel for Plaintiff Jones-Bey, as the personal representative of the decedent's estate, has exclusive control over her Jones-Bey's Amended Complaint and the tactics to pursue liability against the District. *Cf. Jones v. Prince George's Cnty., MD*, 348 F.3d 1014, 1020 (D.D.C. 2003) (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1909 (3d ed. 1998) ("A mere difference of opinion concerning the tactics with which litigation should be handles does not make inadequate the representation of those whose

interests are identical with that of an existing party[.]"). There is no basis or precedent for the Court to transfer tactical control of a lawsuit to a party who lacks standing to bring a claim, and the Court should decline to do so here.

Date: June 24, 2022                    Respectfully submitted,

                                       KARL A. RACINE
                                       Attorney General for the District of Columbia

                                       CHAD COPELAND
                                       Deputy Attorney General
                                       Civil Litigation Division

                                       */s/ Alicia M. Cullen*
                                       ALICIA M. CULLEN [1015227]
                                       Chief, Civil Litigation Division, Section III

                                       */s/ Katrina Seeman*
                                       ROBERT A. DEBERARDINIS, JR. [335976]
                                       Senior Assistant Attorney General
                                       KATRINA SEEMAN [1671729]
                                       Assistant Attorney General
                                       Civil Litigation Division
                                       400 6th Street, NW
                                       Washington, D.C. 20001
                                       Phone: 202-724-6642; 202-724-6607;
                                       Fax: 202-741-8895; 202-724-5917
                                       Email: robert.deberardinis@dc.gov;
                                       katrina.seeman@dc.gov

                                       *Counsel for Defendant District of Columbia*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AMAALA JONES-BEY,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 1:21-cv-02674-JMC

## ORDER

Upon consideration of Non-Party Karen Hylton's Motion to Intervene, Defendant District of Columbia's Opposition, Plaintiff Amaala Jones Bey's Opposition, and any reply, it is hereby

**ORDERED** that Karen Hylton's Motion is granted in part; and it is further

**ORDERED** that Karen Hylton's Intervention is limited to (1) participation in settlement discussions and (2) presenting argument and evidence at trial related only to her damages; and it is further

**ORDERED** Karen Hylton shall refile her Rule 24(c) pleading on or by _____ to clearly identify which claims raised in *Jones-Bey v. District of Columbia, et al.,* on which she is seeking intervention.

**SO ORDERED.**

_____
Jia M. Cobb
United States District Judge