**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMAALA JONES-BEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 1:21-cv-02674-JMC |
| | : |
| DISTRICT OF COLUMBIA, *et al*., | : |
| | : |
| Defendants. | : |

**DEFENDANT TERENCE SUTTON'S REPLY IN SUPPORT OF
HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Terence Sutton, through counsel, HANNON LAW GROUP, LLP, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Local Civil Rule 7(d), respectfully submits this reply to the oppositions filed by Plaintiff Amaala Jones-Bey and Intervenor Karen Hylton.

**ARGUMENT**

**I.   THE PLAINTIFF FAILS TO ALLEGE FACTS THAT ESTABLISH CONSTITUTIONAL VIOLATIONS OR DEFEAT QUALIFIED IMMUNITY.**

Jones-Bey's constitutional claims should be dismissed under Rule 12(b)(6) for failure to state a claim and also under the doctrine of qualified immunity.  The first part of the qualified immunity test is essentially the same as the 12(b)(6) analysis: whether "in the light most favorable to the party asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  Only if the plaintiff satisfies that first step does the court proceed to the next: determining whether it is "clearly established" that the facts alleged violate the constitution. *Id*. at 201.

"At the motion to dismiss stage, a plaintiff must allege sufficient facts to establish that the defendants are not entitled to qualified immunity." *Patterson v. United States*, 999 F. Supp. 2d

300, 311 (D.D.C. 2013).  Once the defense is raised, "'the burden of proof then falls to the plaintiff to show that the official is not entitled to qualified immunity.'" *Kyle v. Bedlion*, 177 F. Supp. 3d 380, 388 (D.D.C. 2016) (quoting *Winder v. Erste*, 905 F. Supp. 2d 19, 28 (D.D.C. 2012)).  Jones-Bey must show that "existing law . . . placed the constitutionality of the officer's conduct beyond debate." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

Jones-Bey's complaint does not allege any facts from which this court could find a violation of the Fourth or Fifth Amendment, let alone any violation that is "clearly established." Therefore, the court should dismiss her constitutional claims for failure to state a claim and under the doctrine of qualified immunity.

      **A.**      **Jones-Bey Fails to Allege a Violation of the Fourth Amendment.**

Jones-Bey responds to Officer Sutton's argument that she failed to allege any seizure by claiming her complaint demonstrates a seizure "through means intentionally applied."  She also argues that the seizure was unreasonable because Officer Sutton used excessive force in seizing Hylton-Brown.  Both arguments fail because Jones-Bey relies on a case that is not analogous and in fact defeats her own arguments.

To show that she adequately pled a seizure, Jones-Bey cites the Supreme Court's 1989 decision in *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989).  There, a man was killed "when the stolen car that he had been driving at high speeds for approximately 20 miles in an effort to elude pursuing police crashed into a police roadblock." *Brower*, 489 U.S. at 594.  His estate sued the Sheriff's department and several officers, claiming the roadblock constituted a seizure by excessive force in violation of the Fourth Amendment.  Justice Scalia summarized the operative facts as follows:

> respondents (1) caused an 18-wheel tractor-trailer to be placed across both lanes of a two-lane highway in the path of Brower's flight, (2) 'effectively concealed' this roadblock by placing it behind a curve and leaving it unilluminated, and (3)

2

positioned a police car, with its headlights on, between Brower's oncoming vehicle and the truck, so that Brower would be 'blinded' on his approach.

*Id.* at 594.

The Court explained that whether a suspect's crash constitutes a seizure depends on whether the crash was caused by "means intentionally applied." *Id*. at 597. For example, there is no seizure where the police "sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit," but the suspect was then "stopped by a different means—his loss of control of his vehicle and the subsequent crash." *Id*. In contrast, if "the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspects freedom of movement would have been a seizure." *Id*.

Applying these principles, the Court concluded that the roadblock was more akin to the later. It reasoned that a roadblock "is not just a significant show of authority to induce a voluntary stop, but is designed to produce a stop by physical impact if voluntary compliance does not occur." *Id*. at 598. The difference is that the person is "stopped by the very instrumentality set in motion or put in place in order to achieve that result." *Id*. at 599. "Brower was meant to be stopped by the physical obstacle of the roadblock—and [] he was so stopped."[1] *Id*.

Unlike Brower, Hylton-Brown did not crash because of any "instrumentality set in motion or put in place" by Officer Sutton. *Id.* at 599. Hylton-Brown darted out of an alley on his own volition and collided with a passing civilian vehicle. Jones-Bey does not allege any

---

[1] Even then, the Court said, if "Brower had had the opportunity to stop voluntarily at the roadblock, but had negligently or intentionally driven into it, then, because of the lack of proximate causality, respondents, though responsible for depriving him of his freedom of movement, would not be liable for his death." *Id*.

3

connection between Officer Sutton and the civilian vehicle. Accordingly, under *Brower*, the collision was not caused by "means intentionally applied" and no seizure occurred.

Nevertheless, Jones-Bey attempts to shoehorn this case into the pattern in *Brower* through conclusory and implausible assertions that Sutton's chase was "designed to produce a stop." But this is nothing more than pure speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) ("labels and conclusions" and "naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a claim); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (court need not accept as true a legal conclusion couched as a factual allegation, nor an inference unsupported by the facts set forth in the complaint).

For example, Jones-Bey points to paragraph 58 of her complaint, which alleges that Officer Sutton "attempted to 'force the vehicle (MOPED) into another object or off the roadway.'" Am. Compl. ¶ 58. But Jones-Bey never alleges facts that plausibly explain this. Jones-Bey does not claim that Officer Sutton swerved towards Hylton-Brown or closed off avenues of flight. She offers no factual allegations from which the court could believe the conclusory assertion that Officer Sutton tried to force Hylton-Brown into another object or off the roadway. Her allegation is nothing more that speculation as to Officer Sutton's subjective intent.

Similarly, Jones-Bey alleges that Officer Sutton "guided Hylton into the trap laid for him by the MPD offices" [sic], but does not support this nonsensical claim with any factual allegations. Am. Compl. ¶ 182. For example, Jones-Bey never explains how Officer Sutton or any other officer allegedly set this "trap." She does not claim that anyone had contact with the civilian vehicle or was even aware of its presence. Jones-Bey offers no explanation as to how Officer Sutton, while *following* Hylton-Brown, somehow determined Hylton-Brown's choice of

4

direction. She does not explain how Officer Sutton caused him to enter the alley or caused him to exit the alley without first checking for oncoming traffic. Aside from bald characterizations of Officer Sutton's subjective intent, the amended complaint merely alleges that Officer Sutton said, "Hey Karon," that Hylton-Brown drove away, and that Officer Sutton followed him. These sparse allegations do not nudge her claims of traps and intentionally forcing Hylton-Brown into another object from conceivable to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)*; see e.g. id.* ¶¶ 82, 86, 94, 131, 195, 197, 228, 234, 259.

With respect to the reasonableness of the alleged seizure, Jones-Bey posits that Officer Sutton spent few words addressing the issue because there can "be no serious question" that it was unreasonable. To the contrary, the reasonableness of the seizure requires little analysis because there was no seizure to begin with. Nevertheless, Jones-Bey argues that the seizure of Hylton-Brown was unreasonable because Officer Sutton used excessive force. But Jones-Bey's complaint does not allege any use of force at all, let alone excessive force. She accuses Officer Sutton of failing to turn "the chase over to a regular squad car," of failing to notify his supervisor, and of violating MPD's pursuit policy. She does not allege any facts that plausibly support her claim that Officer Sutton forced Hylton-Brown into a trap laid by other officers.

Because Jones-Bey's complaint does not allege facts to establish that a seizure occurred, or that any force was used, her Fourth Amendment claims must be dismissed.

**B.     Jones-Bey Fails to Allege a Violation of the Fifth Amendment.**

As explained in Officer Sutton's motion, the Court need only evaluate Jones-Bey's Fifth Amendment claims if it finds that the Fourth Amendment does not apply. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). In that case, Jones-Bey would have to show that Officer Sutton's conduct was "arbitrary or conscience shocking, in a constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 837 (1998). Jones-Bey argues that her complaint meets this requirement because

it alleges an intent to harm Hylton-Brown and because the allegations are otherwise "conscience shocking."

Jones-Bey claims her complaint sufficiently states a substantive due process claim because it alleges "intentional conduct" that shocks the conscience, Pl.'s Opp'n at 11, but in reality, she offers only "unadorned accusations." *Twombly* 550 U.S. at 555. Jones-Bey cites several paragraphs of her Amended Complaint contending that they lay out factual statements giving rise to plausible claims, but even a cursory review of those allegations shows the opposite. The allegations are riddled with advocacy, hyperbole, characterizations, speculation, and conclusory statements, but fail to state a claim upon which relief could be granted. For example, Jones-Bey cites to paragraph 145 alleging that Officer Sutton's "unlawful chasing" of Hylton-Brown caused "extreme fear that was realized when [Hylton-Brown] drove out of an alley and was hit by an oncoming vehicle which was designed to produce extreme force that resulted in bodily harm and subsequent death." Am Compl. ¶ 145. But Jones-Bey cites no facts to allege any "design" or connection between Officer Sutton and the "extreme force" resulting from a civilian vehicle hitting Hylton-Brown.

Jones-Bey also repeats her conclusory allegations that Officer Sutton "set up Hylton" by "driving him into the trap" set by other officers which constituted "deadly force." As previously stated, Jones-Bey offers no facts to support these conclusory allegations about Officer Sutton's subjective intent. *Twombly*, 550 U.S. at 555, 557; *see e.g.* Am. Compl. ¶¶ 182, 243. *See E. Shore Markets, Inc. v. J.D. Associates Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000) (court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments"); *see* Am. Compl. ¶¶ 58, 82, 94; *see e.g., id.* ¶¶ 10, 16, 60, 75, 95, 118-119, 136, 144, 182, 234, 243.

Plaintiff-Intervenor Karen Hylton also contends in her opposition that her Complaint plausibly alleges intent to harm. But her argument is that the complaint says Officer Sutton had confiscated Hylton-Brown's personal property in the past and that Hylton-Brown was afraid that Officer Sutton planned to do so again. Compl. in Intervention ¶¶ 30, 40, 92. But these are not allegations of intent to cause physical harm nor can Hylton-Brown's subjective fear evidence Officer Sutton's intent.

Hylton also argues that in the criminal case against Officer Sutton, Judge Freidman held that the allegations in the indictment can, if true, satisfy the *mens rea* requirement for second degree murder. But a plaintiff cannot cure her own pleading error by relying on allegations filed by a different party in a different case. And just as importantly, the indictment does not accuse Officer Sutton of violating Hylton-Brown's constitutional rights. Although 18 U.S.C. § 242 is the basis for nearly all federal prosecutions of police officers, the Department of Justice has not accused Officer Sutton of using excessive force in violation of the Fourth Amendment or of violating Hylton-Brown's substantive due process rights under the Fifth Amendment. The indictment does not support the plaintiff's or the intervenor's constitutional claims.

Jones-Bey's only argument that Officer Sutton's actions "shock the conscience," is her attempt to distinguish the facts of this case from those of *Lewis*. But her arguments make little sense. Jones-Bey says Officer Sutton used "unorthodox and unauthorized tactics" whereas the officers in *Lewis* used "conventional means to pursue a reckless driver." Pl.'s Opp'n at 12. The difference between the two cases is that in *Lewis*, the officer ran over the suspect. Here, Jones-Bey says Officer Sutton "targeted" Hylton-Brown and intentionally forced him to collide with the civilian vehicle. But not only are these conclusory allegations implausible, they do not describe conduct that is *more* shocking than in *Lewis*. If pursuing a suspect while driving 100

7

miles per hour and weaving in and out of traffic before running over the suspect was not "conscience shocking," then neither is pursuing a suspect for a few minutes who then drove into oncoming traffic. Moreover, Jones-Bey loosely implies that Sutton misused his governmental authority because the alleged pursuit was unlawful. But, if even Karen Hylton admits that Officer Sutton's "legally valid reason to stop Karon was for violation of municipal traffic ordinance." Compl. In Intervention ¶ 39. Officer Sutton's alleged pursuit was not "unjustifiable by any government interest." *Lewis,* 523 U.S. at 849.

    **C.**    **Jones-Bey Failed to Prove Officer Sutton is Not Entitled to Qualified Immunity.**

Even if Jones-Bey's complaint alleged a constitutional violation, she failed to identify any pre-existing authority that placed the constitutionality of his conduct "beyond debate." *Wesby*, 138 S. Ct. at 589. As a result, her constitutional claims are barred by the doctrine of qualified immunity.

Because no court has ever found a constitutional violation in circumstances like those alleged in the complaint, Jones-Bey attempts to loosen the notoriously strict standard, claiming it encompasses anything that is "reasonably understood" to be illegal. But as the Supreme Court has repeatedly said, the "clearly established" element is a "demanding standard [that] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 589 (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "It is not enough that the rule is suggested by then-existing precedent," but rather it "must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* at 590 (quoting *Reichle v. Howards*, 566 U.S. 658, 666 (2012)). This means the "rule must be settled law," "dictated by controlling authority or a robust consensus of cases of persuasive authority." *Wesby*, 138 S. Ct. at 591 (internal citations and quotation marks omitted). It also requires "that the legal principle clearly prohibit the officer's conduct in the particular circumstances before

8

him." *Id*. at 590. "This requires a high "degree of specificity." *Id*. (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (*per curiam*)). "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'" *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). No authority Jones-Bey cites satisfies this demanding standard.

Jones-Bey first cites *Brower* and *Lewis* as evidence that the constitutional violations alleged were "clearly established." But as previously discussed, Jones-Bey's reliance on *Brower* is factually inapposite and *Lewis* held that the Fifth Amendment was *not* violated.[2] She cannot prove that a violation is "clearly established" by arguing that Officer Sutton's conduct was worse than the officers in *Lewis*, where there was no violation. She must identify precedent that clearly establishes his conduct as unconstitutional. Her failure to do so is fatal to her attempt to overcome qualified immunity.

Jones-Bey also relies on Judge Boasberg's decision in *Robinson v. District of Columbia*. *Robinson v. District of Columbia,* No. 09-2294, Mem. Op. at 16 (D.D.C. Sept. 15, 2015). But that case involved a pursuing officer who swerved across the center line, into oncoming traffic, and crashed into the plaintiff's dirt bike. *Id.* at 3-4, 17. The officer's partner even said the officer was laughing and purposefully collided with the plaintiff. *Id.* at 16, 17. *Robinson* does not put "beyond debate" the question of whether an officer violates the Fourth Amendment when he follows a suspect who exits an alleyway without exercising due care and crashes into a civilian vehicle.

---

[2] *Lewis* is the only Fifth Amendment case Jones-Bey cites. She does not cite a single case in which a Fifth Amendment claim was upheld.

9

Jones-Bey also cites myriad Fourth Amendment case law that have nothing at all to do with pursuits. In *United States v. Ortiz,* the Supreme Court held that officers could not search private vehicles at border checkpoints without consent or probable cause. *United States v.* Ortiz, 422 U.S. 891, 896-97 (1975). In *United States v. Place*, the Court held that a seizure of luggage violated the Fourth Amendment. *United States v. Place,* 462 U.S. 696, 710 (1983). Jones-Bey also cites the seminal excessive force cases, *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985), where an officer shot a fleeing suspect, and *Graham v. Connor*, 490 U.S. 386, 397 (1989), where a suspect was apprehended and then subjected to excessive force. These cases do not just lack the "high degree of specificity" necessary to put Officer Sutton on notice about his conduct, they have nothing at all in common with this case.

Finally, Jones-Bey cites MPD General Order 303.01, which she says proscribed Officer Sutton's alleged pursuit of Hylton-Brown. But whether Officer Sutton complied with an internal operating procedure has nothing to do with whether his conduct was constitutional. As this Circuit has said, "as a matter of law the alleged MPD policy violation has no bearing on the Fourth Amendment analysis." *English v. District of Columbia*, 651 F.3d 1, 10 (D.C. Cir. 2011)).

Because Jones-Bey failed to identify any authority that "clearly establishes" that the allegations of her complaint amount to a constitutional violation, she failed to prove that Officer Sutton is not entitled to qualified immunity.

## II. JONES-BEY FAILS TO STATE A CLAIM FOR ANY VIOLATION OF D.C. LAW.

Jones-Bey offers no response whatsoever to most of Officer Sutton's arguments regarding her claims under D.C. law. She fails to address Officer Sutton's immunity under the D.C. Employees Non-Liability Act, which defeats all of her D.C. law claims. She also fails to respond to Officer Sutton's arguments that "vicarious assault" is not a valid legal claim, that she

10

does not allege any "contact" necessary to prove battery, or that as a matter of law, D.C. Code § 5-123.02 cannot serve as a basis for an independent negligence claim. Nor does Jones-Bey make any attempt to clarify who is seeking what damages under which claims. *See* Sutton Mem., ECF No. 61 at 4-5 (explaining that Jones-Bey conflates the wrongful death and survival claims and confuses who is entitled to damages under each). The court should treat these arguments as conceded and dismiss all Jones-Bey's claims based on D.C. law. *Hoffman v. District of Columbia,* 681 F.Supp.2d 86, 94 (D.D.C. 2010) (granting motion to dismiss as conceded because plaintiff failed to respond to arguments for dismissal).

Instead of responding to Officer Sutton's arguments, Jones-Bey claims that "if" Officer Sutton is convicted of second-degree murder, then "causation and malice is assumed" and Officer Sutton is liable for negligence, assault, battery, and intentional infliction of emotional distress. But Jones-Bey cannot simply spurn the civil pleading requirements and rely on allegations filed by a different party in a different case involving different legal issues. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). Through her silence, Jones-Bey effectively concedes that her complaint does not state a claim for relief and therefore does not comply with the pleading requirements.

The only other argument Jones-Bey makes is that an unexcused violation of a statute can constitute negligence *per se*. But the explanation that follows is nonsensical. She says that Officer Sutton does not dispute "that statute to sound a siren while in vehicle pursuit and while running a red light or stop sign, especially in an unmarked car." Jones-Bey Opp., ECF No. 67, at

11

19. But Jones-Bey cites no statute and her complaint says nothing about sirens, red lights, or stop signs. She then says Officer Sutton does not "dispute that these provisions to stop at stop signs as in GO OPS 301.03 V.D. 1 & 2 and/or use a siren . . . are meant to promote safety by the statue/Municipal Regulation or General Order." *Id*. But while Officer Sutton does not dispute that violations of statutes can constitute negligence *per se*, neither Municipal Regulations nor General Orders are statutes.

Then, in closing, Jones-Bey says that if she is required to "specifically plead the statutes 18 DCMR 2002 and 18 DCMR 712," she should be given leave to amend her complaint. But leave should not be granted when the amendment would be futile and there are several reasons why that is the case here. *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss"). First, Jones-Bey does not dispute that the claim is barred by the D.C. Employees Non-Liability Act. Second, the municipal regulations she relies on are not statutes and cannot serve as the basis for negligence *per se*. *H. R. H. Construction Corporation v. Conroy*, 411 F.2d 722, 724 (D.C. Cir. 1969), merely held that a building code provision could be used to show negligence *per se* under some circumstances, but not others. It did not establish a blanket rule that violations of municipal regulations constitutes negligence *per se*. Third, neither 18 D.C.M.R. § 712 or 18 D.C.M.R. § 2002 impose any traffic rules. One requires police vehicles to be *equipped* with lights and sirens and the other sets forth various *exemptions* to traffic regulations. Fourth, even if they did, Jones-Bey does not allege that Officer Sutton failed to obey stop signs or red lights or to use his sirens. Fifth, 18 D.C.M.R. § 2002.1 exempts emergency vehicles from traffic regulations "[w]hen in pursuit of an actual or suspected

12

violator of the law." 18 D.C.M.R. § 2002.1(b). Granting leave to Jones-Bey to amend her complaint again would be futile.

## CONCLUSION

For the foregoing reasons, Officer Sutton respectfully requests that all claims against him in the plaintiff's amended complaint be dismissed.

Dated: December 2, 2022

Respectfully submitted,

HANNON LAW GROUP, LLP.

Daniel S. Crowley, # 989874
1800 M Street N.W., Suite 850 S
Washington, D.C. 20036
Tel: (202) 232-1907
Fax: (202) 232-3704
dcrowley@hannonlawgroup.com

*Attorneys for Terence Sutton*