IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, individually and as personal representative of the Estate of Karon Hylton-Brown,<br><br>Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA; TERRENCE SUTTON, in his individual capacity; ANDREW ZABAVSKY, in his individual capacity; CARLOS TEJERA, in his individual capacity; AHMED AL-SHRAWI, in his individual capacity; and CORY NOVICK, in his individual capacity.<br><br>Defendants. | Case No. 21-CV-02674-CJN<br>JURY TRIAL DEMANDED |

**RENEWED MOTION FOR CONFERENCE**

On February 13, 2024, Plaintiff-Intervenor Karen Hylton moved this Court for the entry of a scheduling order, which had been required by Rule 16 of the Federal Rules of Civil Procedure since at the latest October 27, 2022. (Doc. 79.) In response, this Court indicated at a hearing that a conference should await (a) this Court's resolution of Defendants' motions to dismiss, filed close to two years ago (Docs. 45, 60, 61), which the Court indicated was presently forthcoming and would likely leave all Defendants in the case, and (b) service of Defendant Andrew Zabavsky. The motions to dismiss remain undecided, and—despite an order directing the Marshal to effect service on Zabavsky "expeditiously" and an order requiring pretrial services to give the Marshal his address—Zabavsky somehow remains unserved.

Under the rules, neither the resolution of Defendants' motions to dismiss nor the service of all parties may delay the prosecution of a plaintiff's case against properly served parties. Meanwhile, the Marshal has now twice refused this Court's clear orders, and a *convicted murder* has avoided answering the allegations of his victim's loved ones for years while his meritless motion remains pending and while he has not served a day in prison. Hylton did not oppose this Court's temporary delay of entering a scheduling order based on the Court's representation that motion-to-dismiss decisions were imminent and based on the Court's clear order to the Marshal to effect service expeditiously. But it has now been a full three months since Hylton's request and there has been no service and there has been no decision. Hylton respectfully renews her request for an immediate scheduling order and renews her intent to seek mandamus if one is not expeditiously entered.

1

       Respectfully submitted,

       */s/ Charles Gerstein*
       Charles Gerstein
       GERSTEIN HARROW LLP
       1001 G Street NW, Suite 400E
       Washington, DC 20001
       charlie@gerstein-harrow.com
       (202) 670-4809

       */s/ Jason Harrow*
       Jason Harrow
       GERSTEIN HARROW LLP
       12100 Wilshire Blvd., Ste. 800
       Los Angeles, CA 90025
       jason@gerstein-harrow.com
       (323) 744-5293