UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 1:21-cv-02674-JMC |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |

### MOTION TO HOLD INTERVENOR'S
### MOTION FOR SUMMARY JUDGMENT IN ABEYANCE

Defendant Terence Sutton, pursuant to Rule 6(b), respectfully requests that the Court hold Intervenor's motion for summary judgment in abeyance.

### BACKGROUND

Officer Sutton filed a motion to dismiss in September 2022, arguing that all eight claims asserted against him in the plaintiff's Amended Complaint should be dismissed under the doctrine of qualified immunity, the D.C. Employees Non-Liability Act, and under Rule 12(b)(6). (Sutton Mot. Diss., ECF No. 61.)  That motion is still pending.

On June 13, 2024, Intervenor Karen Hylton filed a partial motion for summary judgment on Count II of the complaint, which alleges that Sutton violated Karon Hylton-Brown's right to due process under the Fifth Amendment.  The motion is based entirely on the fact of Sutton's conviction for second-degree murder, for which he has not yet been sentenced.

Although the Court has not yet ruled on Sutton's motion to dismiss, and Sutton has not yet answered the complaint, under Local Rule 7(b), his opposition is currently due June 27, 2024.

**ARGUMENT**

Under Rule 6 of the Federal Rules of Civil Procedure, the Court has discretion to extend filing deadlines. "If a party makes a request for additional time 'before the original time or its extension expires,' then the court may extend the deadline 'for good cause.'" *Koch v. White*, 251 F. Supp. 3d 162, 179–80 (D.D.C. 2017) (citing Fed. R. Civ. P. 6(b)(1)(A)). Sutton requests that his deadline to oppose Hylton's motion for summary judgment be extended indefinitely, with the court holding the motion in abeyance until it rules on Sutton's motion to dismiss. Good cause exists for several reasons.

First, Sutton has raised the defense of qualified immunity, which protects him from the burdens of litigation. As the Supreme Court has said, qualified immunity is "an immunity from suit rather than a mere defense to liability[.]" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). This means it is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526. *See Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998) ("qualified immunity provides not simply a defense to liability, but also 'an entitlement not to stand trial or face the other burdens of litigation'") (quoting *Mitchell*). As a result, when raised in a motion to dismiss, courts routinely hold that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See Loumiet v. United States*, 225 F. Supp. 3d 79, 83 (D.D.C. 2016) ("These issues are presented to the Court for examination in the pending Motions to Dismiss, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed'").

Sutton should not bear the burden of briefing substantive motions that have the potential to answer the final question of liability before the Court rules on his qualified immunity defense. To hold otherwise would unfairly and prematurely subject him to the burdens of litigation.

Second, it would be grossly inefficient to have the parties brief summary judgment now, before the motions to dismiss are resolved.  Most obviously, if the Court grants immunity to Sutton or otherwise dismisses the complaint, any time spent on summary judgment proceedings will be unnecessary and wasteful.  But the same is true of other possible outcomes.  The Court may grant Sutton's motion, but give the plaintiff leave to amend her complaint to cure any deficiency.  If that happens, the first Amended Complaint, filed on June 3, 2022, would become a legal nullity.  *See Affinity Healthcare Servs., Inc. v. Sebelius*, 746 F. Supp. 2d 106, 111, n.7 (D.D.C. 2010) ("The filing of an amended complaint renders the original complaint a nullity").  Any motion based on claims asserted in that complaint would be moot.  *Id.*  ("A motion to dismiss a complaint that has been subsequently amended is therefore moot").

Third, regardless of the ultimate result, the Court's decision will undoubtedly include rulings that impact the claims that remain.  For example, as Sutton explained in his motion to dismiss, a plaintiff cannot pursue *both* a Fourth and Fifth Amendment claim for the same conduct.  *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims").  In her motion for summary judgment, Hylton argues that Sutton's conviction establishes a Fifth Amendment violation as a matter of law, but ignores the preliminary question of whether the claim is rightfully viewed under the Fourth Amendment instead.  A narrow ruling on the motion for summary judgment, before the motion to dismiss is resolved, could inadvertently result in the dismissal of one of the *plaintiff's* other claims.  Or alternatively, the parties might submit extensive briefing on the Fifth Amendment claim, only to have the Court issue a ruling on the motion to dismiss that finds the

plaintiff adequately asserted a Fourth Amendment claim, effectively precluding any Fifth Amendment claim.

Ultimately, Sutton asks the Court to treat this case as it would any other. The Court should rule on his motion to dismiss and if it is denied, allow him to answer the complaint and take discovery. The Amended Complaint contains 19 causes of action. The intervenor seeks to pursue two claims that interest her, while putting the rest of the case on hold. While the convenience to Hylton is clear, so too is the inconvenience of the Court and the other parties.

## LOCAL RULE 7(M) CERTIFICATION

Pursuant to Local Rule 7(m), Sutton sought consent from all affected parties to the relief requested herein. All defendants consent to Sutton's motion; the intervenor opposes the motion; and the plaintiff has not indicated her position.

## CONCLUSION

For the foregoing reasons, Terence Sutton respectfully requests that the Court extend his deadline to oppose Hylton's motion for summary judgment and hold the motion in abeyance until it rules on Sutton's motion to dismiss.

Dated: June 20, 2024                           Respectfully submitted,

/s/ Daniel S. Crowley
Daniel S. Crowley, # 989874
Crowley So, LLP
1800 M Street, NW, Ste. 850 S
Washington, DC 20036
(202) 232-1907
(202) 232-3704 Facsimile
dcrowley@crowleyso.com

*Counsel for Defendant Terence Sutton*