## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, individually and as personal representative of the Estate of Karon Hylton-Brown, | ) ) ) ) |
| Plaintiff, and | ) ) ) |
| KAREN HYLTON, | ) ) |
| Plaintiff-Intervenor, | ) ) Case No. 21-CV-02674 |
| v. | ) JURY TRIAL DEMANDED ) |
| THE DISTRICT OF COLUMBIA; TERRENCE SUTTON, in his individual capacity; ANDREW ZABAVSKY, in his individual capacity; CARLOS TEJERA, in his individual capacity; AHMED AL-SHRAWI, in his individual capacity; and CORY NOVICK, in his individual capacity, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## PARTIES' REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3, Plaintiff-Intervenor Karen Hylton, Defendant Terence Sutton, and Defendant Andrew Zabavsky submit this report of their Rule 26(f) conference at which they discussed each of the following topics. Plaintiff Amaala Jones-Bey; Defendants Carlos Tejera, Ahmed Al-Shwari, and Cory Novick [collectively "Passenger Defendants"]); and Defendant District of Columbia have not timely responded to this document, though they did participate in a conference of the Parties.

Defendant Zabavsky notes that he has yet to serve an answer in this matter and anticipates that the Court will dismiss him from this action.

**I.  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiff-Intervenor proposes that discovery regarding damages begin immediately and conclude six months from the date of this Court's Rule 16 conference. Plaintiff agrees with this proposal but would like any party to be able to take any discovery regarding Plaintiff-Intervenor's status as intervenor immediately. Plaintiff and Plaintiff-Intervenor propose that discovery (a) on all other topics or (b) served against Defendants Terence Sutton and Andrew Zabavsky be stayed pending resolution of Plaintiff-Intervenor's pending and Plaintiff's forthcoming motions for summary judgment. If those motions are granted, Plaintiff and Plaintiff-Intervenor propose to drop all remaining claims and proceed to trial on damages without any further discovery. If those motions are denied, Plaintiff and Plaintiff-Intervenor propose a six-month period for all remaining fact discovery.

Plaintiffs (collectively) believe that this proposal makes sense because it allows all parties to avoid the expense of discovery on the merits until this Court has determined whether any merits issues will go to the jury. At the same time, Plaintiffs' proposal likely foregoes any discovery from Sutton and Zabavsky, and at least defers it until their criminal appeals are likely to be resolved. (Plaintiffs do not concede that Sutton and Zabavsky have any applicable privileges or immunities, but Plaintiffs are nonetheless willing to forgo discovery against them.) The alternative schedule provided by the federal rules, under which the parties would be free to conduct any discovery immediately, threatens to be needlessly wasteful—if Plaintiffs prevail on summary judgment, all work other than damages discovery will have been wasted. If Plaintiffs are *not* successful on their summary judgment motions, the parties are no worse off than they are today.

Officer Sutton believes the case is likely to be resolved by dispositive motion addressing the issue of qualified immunity. Officer Sutton asks that when the case is ready to proceed, the Court first allow limited discovery on the issue and then set a briefing schedule to address this question of law. *See Fludd v. U.S. Secret Serv.*, 771 F.2d 549, 554 (D.C. Cir. 1985). Officer Sutton asks that the Court hold Plaintiff-Intervenor's motion for summary judgment in abeyance until the issue of qualified immunity is resolved.

Officer Sutton further contends that in light of the Court's ruling on his motion to dismiss, Plaintiff-Intervenor's motion for summary judgment should be denied, without prejudice, as moot.

Officer Sutton also opposes Plaintiff-Intervenor's proposal.  The case should be stayed until the related criminal matter is fully resolved and the Fifth Amendment concerns have been eliminated.  Plaintiff-Intervenor's proposal is also confusing and inefficient.  If her motion is denied, the parties will be unnecessarily subjected to multiple rounds of discovery and will likely be required to sit for multiple depositions.  The conduct of this litigation should not stray from the normal course to accommodate Plaintiff-Intervenor's preferred outcome.

Lieutenant Zabavsky believes that this case is likely to be resolved by the motion to dismiss that he filed on August 5, 2024.  Lieutenant Zabavsky notes that he raised the successful arguments brought by the other individual defendants as well as additional arguments for dismissal.  Zabavsky opposes any form of discovery until the Court has issued a ruling on his pending motion to dismiss.  D.D.C. Local Rule 16.3(b) ("The requirements of this Rule… shall not apply in cases in which no answer has yet been filed and in cases in which a significant number of named defendants have not yet answered").

Lieutenant Zabavsky also opposes Plaintiff-Intervenor's proposal.  The case should be stayed until the related criminal matter is fully resolved (including appeal) and the Fifth Amendment concerns have been fully eliminated.  Under Plaintiff-Intervenor's proposal, Lieutenant Zabavsky would be subjected to the burdens of discovery prior to the Court's determination of his outstanding motion to dismiss.

Lieutenant Zabavsky further notes that, should the Court deny, in whole or in part, Zabavsky's motion to dismiss, the Court must first address the issue of qualified

immunity.  To that extent, he joins Defendant Sutton's discussion above.

## II.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

Defendants propose that parties shall be joined or pleadings amended two weeks after this Court's Rule 16 conference. Plaintiffs (collectively) do not object to either proposal.

Defendant Zabavsky notes that he has not yet answered the complaints and that he has an outstanding Motion to Dismiss in this action.

## III.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Pursuant to Local Rule 16.3(d), not all parties consent to the assignment of this case to a magistrate judge.

## IV.    Whether there is a realistic possibility of settling the case.

The District, Passenger Officers, Sutton, Zabavsky, and Plaintiff believe that settlement discussions may be productive. Plaintiff-Intervenor does not believe there is a realistic possibility of settlement at this point.

## V.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties do not believe ADR would be productive at this point.

## VI.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Plaintiff-Intervenor has filed a motion for partial summary judgment against

the District and Sutton; and Sutton, the District, and the Passenger Defendants have filed motions to dismiss. Plaintiff will file a motion for partial summary judgment shortly. Zabavsky will file a motion to dismiss no later than [DATE, to be filled in after motion to extend].

Plaintiff-Intervenor, while cognizant of the many demands on this Court's schedule, respectfully proposes that this Court resolve her and Plaintiff's motions for summary judgment within six months of the completion of briefing so that the parties may bring this extremely difficult and emotional matter to a prompt resolution. The other parties do not propose dates for decisions on the motion.

Officer Sutton believes the case will likely be resolved by dispositive motion addressing the issue of qualified immunity and that this must occur before further discovery or proceedings take place. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed"). However, in denying Officer Sutton immunity at the motion to dismiss stage, the Court said the issue is whether Sutton "initiate[d]a high-speed car chase . . . to harass and steal money from a motorist." Mem. Op., ECF No. 105, at 17. This ruling places Officer Sutton's subjective intent as the central factual dispute on the question of immunity. Accordingly, Officer Sutton asks that the Court stay the case pending the outcome of the related criminal matter so that any Fifth Amendment concerns are no longer present.

Officer Sutton further contends that in light of the Court's ruling on his motion to dismiss, Plaintiff-Intervenor's motion for summary judgment should be denied,

without prejudice, as moot.

Lieutenant Zabavsky contends that the action can be resolved by the outstanding motion to dismiss that he has filed.  Alternatively, Lieutenant Zabavsky believes that this matter can be resolved by dispositive motion on the matter of qualified immunity, as discussed by Officer Sutton.

## VII.   Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiff and Plaintiff-Intervenor propose that initial disclosures be due two weeks after the Rule 16 conference before this Court but that they be limited to issues related to damages. Zabavsky takes no position as he has an outstanding motion to dismiss.

Officer Sutton proposes that the parties exchange initial disclosures 30 days after the Court rules on the issue of qualified immunity.

[the District, and Passenger Defendants' positions.]

## VIII.   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiff and Plaintiff-Intervenor propose to conduct and limit discovery as explained in response to the first topic in this report. The District and Passenger Defendants propose that each party be limited to 25 interrogatories, 25 requests for production, and 10 requests for admission.

Officer Sutton proposes an initial 3-month discovery period on the issue of

qualified immunity, to begin after the criminal matter is finally resolved.  If the Court then denies Officer Sutton qualified immunity, he proposes a 6-month discovery period to begin when initial disclosures are served.  He asks that the discovery be governed by the applicable federal rules, without modification.

Plaintiff and Plaintiff-Intervenor have no objection to either proposal. All parties agree to a limit of ten depositions per party.

## IX.   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

[District's language quoted on call. Other parties' positions.]

Plaintiff and Plaintiff-Intervenor will not request the production of any electronically stored material during damages discovery. During merits discovery, if necessary, Plaintiff and Plaintiff-Intervenor will request electronically stored material.

Officer Sutton anticipates that discovery of electronically stored information will be necessary and proposes that it be produced in native format.

## X.   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

No party objects to a standard protective order or to the production of privilege logs in the ordinary course.

## XI.   Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

Plaintiff and Plaintiff-Intervenor propose to include expert discovery related

7

to damages within their proposed first (and proposed only, if they prevail on summary judgment) phase of discovery.

[Other parties' positions.]

The District and Passenger Defendants request that the parties be given at least 60 days to provide rebuttal expert reports. No party objects to this deadline.

Officer Sutton does not believe any modification to the requirements of Rule 26(a)(2) are necessary.

**XII.  In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**XIII.  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs (collectively) as explained in response to the first topic in this report propose to conduct discovery in phases. The first phase, which Plaintiffs propose to begin immediately, will be directed to the issue of damages only. The second phase will be directed to all other matters (which the exception of Plaintiff-Intervenor's status as intervenor, which Plaintiff would like to address now) and will proceed only if Plaintiffs motions for summary judgment are denied.

Officer Sutton proposes that the case be managed in phases.  First, the case should be stayed pending final resolution of the related criminal matter.  Second, the Court should allow limited discovery and then issue a ruling on qualified immunity. Third, if immunity is not granted, discovery should proceed on all other issues,

followed by summary judgment motions and trial.

XIV.   **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff and Intervenor propose that a pretrial conference should be conducted 30 days after this Court's decision either granting Plaintiff and Plaintiff-Intervenor's motion for summary judgment or resolving the last of any motions for summary judgment filed by any Defendant after the completion of discovery.

Officer Sutton proposes that a pretrial conference be held 45 days after the Court's ruling on any motion for summary judgment filed after the close of the general discovery period.

XV.   **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that this Court should set a trial date at the pretrial conference.

XVI.   **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Not applicable.

XVII. **Fifth Amendment Concerns.**

Intervenor has proposed a course of discovery that entirely avoids the issue by staying discovery against individual Defendants.

Officer Sutton's Fifth Amendment rights continue through the final resolution of his criminal matter, including any appeal, and he intends to invoke that privilege. *Taylor v. Best*, 746 F.2d 220, 222 (4th Cir. 1984).

Lieutenant Zabavsky's Fifth Amendment rights continue through the final

resolution of his criminal matter, including any appeal, a privilege he may invoke. *Taylor v. Best*, 746 F.2d 220, 222 (4th Cir. 1984).

## XVIII.      Staying discovery pending appeal.

No notice of appeal has been filed. Intervenor does not believe discovery should be stayed pending appeal, but in any event has agreed to stay discovery against Individual Defendants anyway.

Officer Sutton contends that the case must be stayed pending appeal.  The Court's ruling on his motion to dismiss has established Officer Sutton's subjective intent as the central issue to both his qualified immunity defense and to Plaintiff and Plaintiff-Intervenor's § 1983 claim for violation of Hylton-Brown's Fifth Amendment right to due process.  Office Sutton cannot testify about that central issue, which is uniquely within his own personal knowledge, without waving his Fifth Amendment rights.  Therefore, Officer Sutton contends that the case must be stayed, as to him, until the criminal case is resolved.  *See Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980); *Coley v. Lucas Cnty., Ohio*, No. 3:09 CV 0008, 2011 WL 5838190, at *2 (N.D. Ohio Nov. 18, 2011).

Lieutenant Zabavsky joins Sutton's position.

## XIX.   The scope of Hylton's participation.

The Court granted Hylton's motion to intervene without limitation. Hylton intends to be a full participant in discovery, motion practice, and trial. Counsel represents they will continue to do their best to avoid duplication of effort and argument as much as possible.

**XX.    Whether anyone is seeking to bifurcate.**

As Intervenor's Motion for Summary Judgment makes clear, Intervenor's view is that the merits of the primary claims have been decided by the criminal proceeding, and the only thing to try would be damages.

Officer Sutton does not believe bifurcation is necessary, but proposes that the case be managed in phases, as described in section XIII.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
1001 G Street NW, Suite 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd, Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

/s/ Daniel S. Crowley
Daniel S. Crowley, # 989874
Katelyn A. Clarke, # 1780643
Crowley So, LLP
1800 M Street, NW, Ste. 850 S
Washington, DC 20036
(202) 232-1907
(202) 232-3704 Facsimile
dcrowley@crowleyso.com
kclarke@crowleyso.com

/s/ Christopher Zampogna
Christopher Zampogna, #449851

Abraham Bluestone, #1780408
Zampogna, P.C.
2101 L St NW, Ste 300
Washington, DC 20037
(202)223-6635
caz@zampognalaw.com
ab@zampognalaw.com