## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02674-JMC |

### REPLY IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA, CARLOS TEJERA, AHMED AL-SHRAWI, AND CORY NOVICK'S MOTION FOR CLARIFICATION OF THE COURT'S JULY 12, 2022 MINUTE ORDER, AND TO STRIKE PLAINTIFF-INTERVENOR'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff-Intervenor's opposition to the District of Columbia's (the District) motion for clarification misconstrues her role in the case thus far, mischaracterizes the District's argument, and disregards the fact that counsel for all Parties discussed the motion during the Court's hearing on August 15, 2024.  Defendants appropriately seek clarification on the scope of Plaintiff-Intervenor's intervention to ensure the "efficient adjudication of the litigation." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010).  Defendants also request that the Court grant their Motion to Strike Plaintiff-Intervenor's Motion for Summary Judgment because it essentially mirrors Jones-Bey's Motion for Summary Judgment and runs afoul the Court's July 12, 2022 Minute Order.

### ARGUMENT

**I.**   **The Court Should Clarify Plaintiff-Intervenor's Role in this Litigation.**

Plaintiff-Intervenor's blanket contention that "there is nothing to clarify" is mistaken.

Pl.-Intervenor's Opp'n at 7.

Plaintiff-Intervenor claims she only seeks to participate in damages discovery and settlement discussions, but her conduct in this case suggests otherwise.  In addition to filing her own complaint in intervention, motion for alternative service, and a separate motion for a scheduling order and to compel a discovery conference [32, 79, 85], Plaintiff-Intervenor moved for summary judgment before Plaintiff filed her own motion for summary judgment [95].  These actions go well beyond the scope of damages discovery and settlement discussions.  Further, while Plaintiff-Intervenor argues that the District has not provided a reason for why she should take a secondary role in this litigation, the District has been clear: Plaintiff-Intervenor's involvement "will unduly delay or prejudice the adjudication of the rights of the original parties," and she is not the personal representative of Karon Hylton-Brown's estate, which precludes her from bringing a wrongful death claim.  *See* District's Mot. for Clarification and for Summ. J. at 9 (citing Fed. R. Civ. P. 24(b)); *see also EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *Alcabasa v. Korean Air Lines Co., Ltd.*, 62 F.3d 404 (D.C. Cir. 1995); D.C. Code § 16-2702.  Thus, the District appropriately seeks clarification about the scope of Plaintiff-Intervenor's participation in this lawsuit—consistent with the Court's July 12, 2022 Minute Order—for the benefit of all Parties.

II.     **The Court Should Strike Plaintiff-Intervenor's Motion for Summary Judgment Because It Essentially Duplicates Plaintiff's Motion for Summary Judgment, and Runs Afoul of the Court's July 12, 2022 Minute Order.**

Plaintiff-Intervenor's assertion that "one simply cannot 'duplicate' or 'repeat' something that doesn't exist" misinterprets the District's argument.  *See* Pl.-Intervenor's Opp'n at 3.  The District is not moving to strike solely because the motion is duplicative, but because Plaintiff-Intervenor failed to confer with Plaintiff before filing her motion, as required by the Court's

Order [135].  Although Plaintiff-Intervenor claims the Court's directive only applied to her response to any motion to dismiss, the District submits that is an unreasonable interpretation of the Court's directive.  The District understood that the Court intended Plaintiff-Intervenor to confer with Plaintiff on all motions to avoid duplicative arguments, a concern Plaintiff-Intervenor previously acknowledged [135 (citing Hr'g Tr. at 9-10 [47])].  Plaintiff-Intervenor also argues that because Plaintiff incorporated by reference her motion for summary judgment, the District will need to respond to it regardless of whether its motion to strike is granted.  But that once again misses the point of the District's requested relief, which is to strike a filing that runs afoul of the Court's order.  *See* Fed. R. Civ. P. 12(f).

Throughout her opposition, Plaintiff-Intervenor repeatedly characterizes the District's motion as "frivolous" and "dilatory," yet fails to acknowledge that the Parties and the Court previously discussed the motion during the August 15, 2024 hearing.  During that hearing, counsel for Officer Terence Sutton indicated his intention to file a motion to strike Plaintiff-Intervenor's Motion for Summary Judgment, and counsel for Defendants the District, Novick, Al-Shrawi, and Tejera expressed interest in filing a similar motion.  Plaintiff-Intervenor had the opportunity at that time to voice her concerns about the motion, but did not raise the objections she now asserts.  The Court then set a briefing schedule for the motion, with the motion due by September 16, oppositions due by September 30, and replies due by October 7, and scheduled a hearing for October 16.  Not only was Plaintiff-Intervenor provided an opportunity to address this issue during the August 15 hearing, but she also noted her objection at that time, satisfying Defendants' obligation to confer under LCvR 7(m).  *See, e.g.*, *Mannina v. District of Columbia*, 437 F. Supp. 3d 1, 7 (D.D.C. 2020) (finding that plaintiff's failure to meet and confer did not prejudice the District's ability to respond, as plaintiff repeatedly informed the District of her

objections to its preservation efforts, which the District acknowledged by stating it was "aware of Plaintiff's generalized complaints" and her "specific concerns about the pieces of evidence discussed in her motion"). Thus, it is unclear how the District's motion to strike could come as a surprise.

## CONCLUSION

For the foregoing reasons, the Court should grant the District's motion for clarification and to strike Plaintiff-Intervenor's motion for summary judgment.

Date:  October 4, 2024                    Respectfully submitted,

                                        BRIAN L. SCHWALB
                                        Attorney General for the District of Columbia

                                        STEPHANIE E. LITOS
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        /s/ Chad Copeland
                                        CHAD COPELAND [982119]
                                        Assistant Deputy Attorney General
                                        Civil Litigation Division

                                        /s/ Fernando Amarillas
                                        FERNANDO AMARILLAS [974858]
                                        Assistant Deputy Attorney General
                                        Civil Litigation Division

                                        /s/ Elise Levy
                                        ELISE LEVY [90018007]
                                        ELI KOPPEL*
                                        Assistant Attorneys General
                                        Civil Litigation Division, Section III
                                        400 6th Street NW
                                        Washington, D.C. 20001
                                        Phone:  202-724-7316; 202-724-6617
                                        Fax:  202-741-8899; 202-585-0344

---

\* Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Chad Copeland and Fernando Amarillas, members of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c) and D.D.C. LCvR 83.2(g).

Email:  eli.koppel@dc.gov;
elise.levy@dc.gov
*Counsel for Defendants District of Columbia,*
*Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick*