UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:21-cv-02674-JMC |

### DEFENDANT DISTRICT OF COLUMBIA'S
### MOTION TO STAY LITIGATION PENDING APPEAL

Defendant District of Columbia (the District) moves to stay this litigation pending the D.C. Circuit's resolution of the interlocutory appeal filed by Defendant Officers Ahmed Al-Shrawi, Cory Novick, and Carlos Tejera [120]. The appeal relates to this Court's July 22, 2024 decision, which denied Defendants' motions to dismiss on grounds of qualified immunity [105, 106].[1] The Court should stay this litigation because the appeal presents serious legal questions that will affect the contours of this case. Proceeding with discovery, summary judgment briefing, and mediation at this juncture—before the resolution of the pending appeal, in which the District Defendants believe there is a substantial likelihood of success—would prejudice the Defendants and lead to judicial inefficiency and piecemeal litigation. On the other hand, granting a stay will not result in substantial harm to Plaintiff or undermine the public interest. A memorandum of points and authorities and a proposed order are attached for the Court's consideration.

---

[1] Defendant Terence Sutton also noted an appeal of the Court's denial of qualified immunity [121]. Defendant Andrew Zabavsky's motion to dismiss remains pending.

Date: October 3, 2024				Respectfully submitted,

						BRIAN L. SCHWALB
						Attorney General for the District of Columbia

						STEPHANIE E. LITOS
						Deputy Attorney General
						Civil Litigation Division

						*/s/ Chad Copeland*
						CHAD COPELAND [982119]
						Assistant Deputy Attorney General
						Civil Litigation Division

						*/s/ Fernando Amarillas*
						FERNANDO AMARILLAS [974858]
						Assistant Deputy Attorney General
						Civil Litigation Division

						*/s/ Eli Koppel*
						ELI KOPPEL*
						ELISE LEVY [90018007]
						Assistant Attorneys General
						Civil Litigation Division, Section III
						400 6th Street NW
						Washington, D.C. 20001
						Phone: 202-724-6617; 202-724-7316
						Fax: 202-585-0344; 202-741-8899
						Email: eli.koppel@dc.gov;
						elise.levy@dc.gov
						*Counsel for Defendants District of Columbia,*
						*Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick*

### LCvR 7(m) CERTIFICATE

Pursuant to LCvR 7(m), undersigned counsel conferred with Plaintiff's counsel, who does not consent to the relief requested.

						*/s/ Eli Koppel*
						ELI KOPPEL
						Assistant Attorney General

---

\*	Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Chad Copeland and Fernando Amarillas, members of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c) and D.D.C. LCvR 83.2(g).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:21-cv-02674-JMC |

## DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING APPEAL

### INTRODUCTION

On August 20, 2024, following the Court's resolution of their motion to dismiss, Defendant Officers Ahmed Al-Shrawi, Cory Novick, and Carlos Tejera filed an interlocutory appeal challenging the Court's denial of qualified immunity. The Court should now stay this litigation because the appeal presents serious legal questions that will define the scope of Plaintiff's claims. Proceeding with discovery, summary judgment briefing, and mediation before resolving the issue on appeal—where the Defendant Officers believe they have a strong likelihood of success—would prejudice Defendants and create judicial inefficiencies. Granting a stay would not substantially prejudice Plaintiff or undermine the public interest, but would instead help determine the parameters of this litigation and inform the possibility of settlement. Thus, the Court should grant the District of Columbia's (the District) motion to stay this litigation pending appeal.

## BACKGROUND

I. **Statement of Relevant Facts**

On October 23, 2020, Officer Terence Sutton was on duty, driving an unmarked police vehicle as part of the Metropolitan Police Department's (MPD) Crime Suppression Team (CST). Officers Al-Shrawi, Novick, and Tejera were passengers in Sutton's vehicle. Around 10:00 p.m., they drove toward the intersection of Fifth and Kennedy NW, followed by Lieutenant Andrew Zabavsky in a marked police car. The CST vehicle approached Karon Hylton-Brown, who was sitting on a moped. Officer Sutton called out, "What are you doing? Where's your helmet?" Sutton then drove past, made a U-turn, and reapproached Hylton-Brown, who fled instead of stopping. The officers pursued Hylton-Brown for two to three minutes, following him through multiple streets. Hylton-Brown turned onto Jefferson Street and quickly made a left into a narrow alley, with Sutton's vehicle in pursuit. As Hylton-Brown exited the alley onto Kennedy Street, an oncoming car traveling eastbound on Kennedy collided with him. Hylton-Brown was thrown from the moped and sustained severe injuries, succumbing to them hours later.

After extensive pre-trial litigation, a nine-week criminal trial began in September 2022, resulting in a jury convicting Sutton of second-degree murder and both Sutton and Zabavsky of obstruction of justice and conspiracy. They were sentenced on September 13, 2024.

II. **Procedural History of this Litigation**

On October 12, 2021, Hylton-Brown's mother, Karen Hylton, filed a *pro se* wrongful death complaint against the Mayor and the District of Columbia. Eight days later, Amaala Jones-Bey, Hylton-Brown's girlfriend and mother to his child, filed a separate wrongful death suit. Jones-Bey was appointed personal representative of Hylton-Brown's estate on January 28, 2022, and the cases were consolidated on April 28, 2022. Karen Hylton voluntarily dismissed

her case on June 10, 2022, and successfully moved to intervene in Jones-Bey's case on July 12, 2022.

The District, along with Officers Al-Shrawi, Novick, and Tejera, filed a motion to dismiss on September 16, 2022, and Sutton filed his own motion on September 21, 2022.[2]  On July 22, 2024, the Court partially granted these motions, dismissing Plaintiff's Fourth Amendment and gross negligence claims but allowing her Fifth Amendment, negligence, and negligent training, supervision, and retention claims to continue [105, 106].  Most notably, this ruling denied qualified immunity for all involved officers [105, 106].  On August 20, 2024, Officers Al-Shrawi, Novick, Tejera, and Sutton filed interlocutory appeals challenging the July 22, 2024 denial of their qualified immunity defense [120, 121].

## STANDARD OF REVIEW

Courts have the equitable authority to issue stays to maintain the status quo pending further judicial review.  *See, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 593 F. Supp. 2d 156, 160–65 (D.D.C. 2009); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1990).  To obtain a stay, a party must show: (1) a substantial likelihood of success on the merits; (2) imminent irreparable injury; (3) that the stay will not cause substantial harm to the opposing party; and (4) no disservice to the public interest.  *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Citizens for Responsibility & Ethics in Wash.*, 593 F. Supp. 2d at 160–65.  Notably, a "substantial likelihood of success" does not require proving a better than 50% chance of winning.  *See Holiday Tours, Inc. v. Wash. Metro. Area Transit Comm'n*, 559 F.2d 841, 844 (D.C. Cir. 1977).  Instead, a movant can meet this standard by raising a "serious legal question."

---

[2]   Defendant Zabavsky filed a motion to dismiss on August 5, 2024, which is still pending.

3

*Id.*  This means that the issues presented must be significant and complex enough to warrant further consideration.  *Id.* (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953)).  The party seeking a stay bears the "burden of showing that exercise of the court's extraordinary injunctive powers is warranted."  *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court identified a narrow category of district court decisions that, although not final judgments, can be immediately appealed.  These decisions resolve specific rights that are separate from the main claims in the case, and address issues important enough to merit immediate review and are independent from the core dispute, making it unnecessary to wait until the entire case is concluded.  *Id.* at 547–48; *see also P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–45 (1993).  A trial court's denial of qualified immunity, whether at the dismissal stage or the summary judgment stage, is the type of collateral order case that is subject to immediate appeal.  *See Mitchell v. Forsyth*, 472 U.S. 511, 525–27 (1985); *Behrens v. Pelletier*, 516 U.S. 299, 305–07 (1996); *see also Young v. Scales*, 873 A.2d 337, 341 (D.C. 2005) ("[I]t is important to resolve the immunity question at the earliest possible stage in litigation").  The rationale behind this rule is that qualified immunity, like absolute immunity, serves as immunity from being sued, not just a defense, and is forfeited if the case improperly goes to trial.  *See Mitchell*, 472 U.S. at 525–27; *Behrens*, 516 U.S. 299, 305–06; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 237–38 (2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

**ARGUMENT**

The Court should stay this litigation pending the resolution of Officers Al-Shrawi, Novick, and Tejera's interlocutory appeal on qualified immunity. The outcome of the appeal will significantly impact the scope of Plaintiff's claims and define the discovery process between the Parties, whereas proceeding with litigation before the D.C. Circuit resolves the pending appeal could lead to unnecessary discovery, complicate summary judgment briefing, and hinder potential settlement negotiations, including mediation. The District maintains that the Defendant Officers' appeal is likely to be successful, and that proceeding with litigation now would cause them (and the District) irreparable harm. Moreover, Plaintiff would not suffer substantial prejudice if a stay were granted, and a stay would not undermine the public interest.

**I.    The Defendant Officers' Interlocutory Appeal Challenging the Denial of Qualified Immunity Has a Substantial Likelihood of Success.**

The Defendant Officers' interlocutory appeal challenging the denial of qualified immunity has a substantial likelihood of success. As a threshold matter, qualified immunity is not just a defense to liability but an "entitlement not to stand trial or face the other burdens of litigation," and such entitlement "would be effectively lost" if the case were to proceed toward discovery and trial. *See Mitchell*, 472 U.S. at 526; *Ashcroft*, 556 U.S. at 685. As noted above, an order denying qualified immunity at the motion to dismiss stage is immediately appealable, *see Behrens*, 516 U.S. at 305–07, which would have the effect of divesting this Court of jurisdiction during the appeals process. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Trump*, 706 F. Supp. 3d 91, 93 (D.D.C. 2023). In this case, there are "serious legal questions," *see Holiday Tours, Inc.*, 559 F.2d at 844, concerning whether the Defendant Officers' conduct violated clearly established law, and whether the actions of Sutton and Zabavsky can be imputed to Officers Al-Shrawi, Novick, and Tejera without establishing

5

that the passenger officers participated in conduct that independently violated established law.

To be clearly established, a legal principle must be "sufficiently clear that every reasonable officer would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotations and citation omitted). As the Supreme Court has articulated:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority. It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that every reasonable official would know.

*District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (internal citations omitted). The Supreme Court has determined that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the [Fifth] Amendment, redressable by an action under § 1983." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998). "[E]ven a minor traffic stop, and pursuit of a fleeing suspect after an unexplained flight from that [attempted] stop, is a legitimate government interest." *Steen v. Myers*, 486 F.3d 1017, 1023 (7th Cir. 2007) (citing *Graves v. Thomas*, 450 F.3d 1215, 1223–24 (10th Cir. 2006)). Likewise, violations of internal policies do not implicate constitutional protections of due process. *Id.* at 1024 (citing *Lewis*, 523 U.S. at 838–39). *See also Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509, 517–18 (E.D. La. 2020) (citing *Mason v. Lafayette City Parish Consol. Gov't*, 806 F.3d 268, 279 (5th Cir. 2015)).

Here, similar to the officer's conduct in *Lewis*, Sutton activated his emergency lights after observing Hylton-Brown operating a moped without wearing a helmet, which constitutes a

6

violation of the District's traffic regulations under 18 DCMR § 2215.3.  Hylton-Brown, instead of complying and stopping, chose to flee at high speed, disregarding the officer's signals.  Although Plaintiff argues that Sutton had improper motives for continuing the pursuit—and that these motives should be imputed to the passenger officers—the fact remains that the Defendant Officers had a lawful basis to believe Hylton-Brown was violating a traffic regulation, which justified the initial decision to engage.  *See Whren v. United States*, 517 U.S. 806, 812–13 (1996); *Robinson v. District of Columbia*, 130 F. Supp. 3d 180, 193 (D.D.C. 2015); *see also Jessop v. City of Fresno*, 936 F.3d 937, 943 (9th Cir. 2019).

    The Defendant Officers' actions served a legitimate governmental interest:  the enforcement of traffic laws and the maintenance of public safety.  Traffic regulations are designed to protect not only the individual violating them but also the broader community, particularly in dense urban environments where non-compliance could lead to serious accidents or endanger pedestrians.  Thus, the Defendant Officers' pursuit of Hylton-Brown falls squarely within their role as law enforcement officers tasked with upholding these regulations, making it a legitimate exercise of their authority.  Plaintiff's allegations of improper motives cannot override the objective reasonableness of the Defendant Officers' actions in enforcing a clear violation of the District's traffic regulations.  In fact, subjective intent or alleged bad motives are irrelevant for qualified immunity analysis, which focuses on whether a reasonable officer, in the same circumstances, would have understood that their conduct violated clearly established legal principles.  *See Mullenix*, 577 U.S. at 11; *see also United States v. Robinson*, 414 U.S. 218, 236 (1973) (officer's actions justified by the existence of probable cause, regardless of the officer's subjective intent); *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (officer's state of mind is irrelevant as long as there is an objective basis for the stop or arrest); *United States v. Mitchell*,

951 F.2d 1291, 1295–96 (D.C. Cir. 1991) (a traffic stop is permissible as long as a reasonable officer in the same circumstances would have made the stop based on a suspected traffic violation).

The Defendant Officers' pursuit, which aimed to stop a suspect who not only violated traffic laws but also escalated the situation by fleeing, cannot be deemed a clear violation of constitutional rights, as enforcing traffic regulations is a legitimate governmental interest. *See, e.g.*, *Whren*, 517 U.S. at 812–13; *Mitchell*, 951 F.2d at 1295–96. Additionally, the current record does not demonstrate how Sutton and Zabavsky's actions may be imputed to Officers Al-Shrawi, Novick, and Tejera based solely on their status as passengers. Thus, the officers' interlocutory appeal challenging the denial of qualified immunity presents serious legal questions likely to succeed on the merits, as their actions do not clearly violate established constitutional principles.

## II. Allowing this Lawsuit to Proceed Before Qualified Immunity Is Considered By the D.C. Circuit Would Cause Certain, Irreparable Harm.

Proceeding with discovery, summary judgment briefing, and mediation before the issue of qualified immunity is resolved undermines the doctrine's purpose, which is to protect government officials not only from the risk of liability but also from the burdens of litigation itself. The Supreme Court has emphasized that qualified immunity is meant to shield officers from unnecessary litigation, including the costs and intrusions of pre-trial procedures like discovery. *See Forsyth*, 472 U.S. at 525–27; *Behrens*, 516 U.S. at 305–07; *Harlow*, 457 U.S. at 817–18; *Pearson*, 555 U.S. at 237–38. The D.C. Circuit's resolution of the pending appeal will undoubtedly define the scope of Plaintiff's claims, the parameters for discovery, and the appropriate issues for resolution at summary judgment. But proceeding with discovery, summary judgment briefing, and mediation at this stage would result in irreparable harm to Defendants and lead to judicial inefficiency and piecemeal litigation.

Absent a stay pending appeal, the Defendant Officers would be forced to endure the burdens the doctrine of qualified immunity is designed to prevent, even though they may ultimately be found immune from suit. This undermines the rationale behind the doctrine and erodes its effectiveness as a legal safeguard. In addition, the resolution of the pending appeal will shape the District's litigation position and inform the Parties' settlement discussions at the appropriate time. Therefore, staying this civil case until the D.C. Circuit considers the applicability of qualified immunity is the most appropriate course of action.

**III.    Staying the Proceedings Until the Resolution of the Defendant Officers' Interlocutory Appeal Would Cause No Substantial Harm to the Plaintiff, and Would Not Undermine the Public Interest.**

Staying the proceedings until the Defendant Officers' interlocutory appeal on qualified immunity is resolved would not impose any substantial harm on the Plaintiff. As noted, qualified immunity is not simply a defense to liability; it is a legal safeguard meant to protect these police officers from the burdens of pre-trial litigation, including discovery and the expenses and demands associated with trial preparation. *See Mitchell*, 472 U.S. at 525–27; *Behrens*, 516 U.S. 305–07. Resolving this issue before the lawsuit progresses further is essential, because qualified immunity is designed to prevent officers from undergoing the litigation process altogether if it is determined that they acted within the bounds of clearly established law.

Importantly, as explained above, staying the case pending the interlocutory appeal would be a temporary measure that would clarify the scope of Plaintiff's claims and future discovery. If the D.C. Circuit ultimately determines that qualified immunity does not apply, Plaintiff's ability to pursue these claims would remain unaffected. *See Kurd v. Republic of Turk.*, 630 F. Supp. 3d 164, 169 (D.D.C. 2022) (noting that although several years had passed since filing of the complaint, a comparatively short stay of the case was relatively insignificant). This

9

temporary pause on litigation would merely preserve the status quo, ensuring that the Parties' rights are not forfeited or diminished.

Further, a stay would promote judicial efficiency, preserve the Parties' resources, and avoid piecemeal litigation. If discovery proceeds and the Defendant Officers are later found to be immune from suit, all efforts expended in the interim, including by the District, would have been for naught, resulting in a waste of judicial resources. Under these circumstances, Plaintiff would not face any substantial prejudice from a brief delay, whereas the Defendant Officers and the District stand to suffer significant and irreparable harm if the case advances before the D.C. Circuit determines whether the officers are entitled to immunity from suit. For these reasons, a stay is appropriate until the completion of the Defendant Officers' appeal.

## CONCLUSION

For the foregoing reasons, the Court should stay this litigation until the resolution of the Defendant Officers' interlocutory appeal.

Date:  October 3, 2024          Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Chad Copeland*
CHAD COPELAND [982119]
Assistant Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General
Civil Litigation Division

                                         */s/ Eli Koppel*
                                         ELI KOPPEL[*]
                                         ELISE LEVY [90018007]
                                         Assistant Attorneys General
                                         Civil Litigation Division, Section III
                                         400 6th Street NW
                                         Washington, D.C. 20001
                                         Phone:  202-724-6617; 202-724-7316
                                         Fax:  202-585-0344; 202-741-8899
                                         Email:  eli.koppel@dc.gov;
                                         elise.levy@dc.gov
                                         *Counsel for Defendants District of Columbia,*
                                         *Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick*

---

[*]     Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Chad Copeland and Fernando Amarillas, members of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c) and D.D.C. LCvR 83.2(g).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02674-JMC |

## **ORDER**

Upon consideration of Defendant District of Columbia's (the District) Motion to Stay Litigation Pending Appeal, any opposition, and the entire record, it is

**ORDERED** that the District's Motion to Stay is **GRANTED**, and it is further

**ORDERED** that this case is **STAYED** pending the resolution of the Defendant Officers' interlocutory appeal.

**SO ORDERED.**

_____
Jia M. Cobb
United States District Judge