UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMAALA JONES-BEY**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02674 (JMC) |

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL ARGUMENT REGARDING THE "RIGHT TO FLEE"

Following oral argument on Plaintiffs' motion for partial summary judgment, Plaintiff submitted a brief arguing that motorists stopped by the police have a "right to flee," that such a right was found by Judge Friedman in the *Sutton* criminal matter, that this supposed finding is binding upon the District in this case, and that the District is precluded from asserting the defense of contributory negligence. [152].

Plaintiff's argument is flawed at every step. There is no right to flee, Judge Friedman did not decide otherwise, the judgment against Officer Sutton is not binding on the District in any respect—and it certainly has no effect regarding contributory negligence, which was not at issue in the criminal matter.

In addition, there was considerable discussion during the oral argument regarding whether Officer Sutton was acting within the scope of his employment during the events preceding the death of Mr. Hylton-Brown. In short, to support their Fifth Amendment claims, Plaintiffs have alleged that Officer Sutton chased Mr. Hylton-Brown in order to steal his money. Such allegations are inconsistent with the allegation that Officer Sutton was acting within the

scope of his employment. Conduct actuated by personal interest, at odds with the purposes of the employer, is necessarily outside of the scope of employment. *See Trump v. Carroll*, 292 A.3d 220, 233-39 (D.C. 2023).

## DISCUSSION

### I.      Issue Preclusion Does Not Apply

A federal court applies the state law of preclusion when determining the preclusive effect of a state court decision. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under District of Columbia law, for issue preclusion to apply, "the issue in the new case must be one that was actually litigated and decided in the prior case, by a final and valid disposition on the merits, after a full and fair opportunity for litigation by the same parties or their privies, where the issue was necessarily decided in disposing of the first action, and not mere dictum." *Smith v. Jenkins*, 562 A.2d 610, 617 (D.C. 1989) (citing Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction, 4416 (1981)).

Here, there is no issue preclusion for several reasons. There is no "right to flee," Judge Friedman did not rule there was, and his comments regarding the "right to flee" were not necessary to the ultimate adjudication of the case; the question of contributory negligence was not at issue in the criminal trial; and the District was not a party or in privity with a party to the criminal matter.

#### A.      There Is No "Right To Flee" And The "Right To Flee" Was Not Essential To The Judgment In The Criminal Case

There is no "right to flee." Rather, in most circumstances, fleeing from a law enforcement officer is a crime, punishable by imprisonment of up to 180 days. D.C. Code § 50-2201.05b(b)(1). Nor is there a right to drive recklessly while fleeing a police officer. Doing so is a felony, punishable by imprisonment of up to five years. D.C. Code § 50-2201.05b(b)(2). These

statutory provisions underscore that there is no legal basis for Plaintiff's claim of a "right to flee."

Plaintiff-Intervenor's argument relies upon informal comments that Judge Friedman made during an oral argument, rather than any formal finding on a "right to flee." Although Plaintiff-Intervenor claims that Judge Friedman "has already ruled" that Mr. Hylton-Brown had a right to flee, he has not provided any documentation that indicate the judge's comments were reduced to a ruling or a jury instruction. Moreover, Judge Friedman's comments were certainly not "directly determined . . . as a ground of recovery," or "essential to the judgment," as is required to support issue preclusion. *Smith*, 562 A.2d at 617 ("a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies . . . ." (internal quotation marks omitted)); *Walker v. FedEx Off. & Print Serv.*, 123 A.3d 160, 164 (D.C. 2015) (for collateral estoppel to apply, the issue must have been decided "under circumstances where the determination was essential to the judgment, and not merely dictum."). Whether Mr. Hylton-Brown had a right to flee was not a question put before the jury as it made its judgment and thus was not essential to that judgment.

    **B.**     **Neither Judge Friedman Nor The Jury Adjudicated Karon Hylton-Brown's Contributory Negligence**

Multiple facts from the day of Mr. Hylton-Brown's death support a separate contributory negligence analysis. Mr. Hylton-Brown rode a moped without wearing a helmet, fled when asked to stop, and drove recklessly. He was likely motivated to do so because he was carrying the proceeds of illegal drug dealing. The fatal collision occurred immediately after Mr. Hylton-Brown made an illegal left turn out of an alley, driving in the wrong lane and straight into

3

oncoming traffic. *See* Def.'s Opp'n to Pl.'s and Pl.- Intervenor's MSJ, [147]. He died of head injuries that a helmet might have been able to mitigate.

The specific question of whether this conduct constituted contributory negligence was never put before the jury in the *Sutton* criminal trial. Although contributory negligence is an important defense in the civil action before this Court, the criminal proceeding focused on the reasonableness of Officer Sutton's conduct and such evidence was not deemed admissible. The issue of contributory negligence was therefore not "actually litigated," a requirement before issue preclusion can be applied. *Walker*, 123 A.3d at 164.

The "right to flee" comments relied upon by Plaintiff arose as part of an argument regarding whether Mr. Hylton-Brown's flight created "reasonable suspicion" justifying Officer Sutton's decision to pursue. There was no discussion, let alone a ruling, regarding whether the circumstances of Mr. Hylton-Brown's flight can support a finding of negligence on his part. Similarly, Judge Friedman made clear that his discussion of a "right to flee" was made in the context of whether a jury could assume that because Mr. Hylton-Brown fled, he was in some way guilty of a crime. He notes that in cases where a defendant is being accused of a gun or drug-related crime, a "jury instruction says flight might be perfectly innocent," and that flight from an officer "might show consciousness of guilt, but it might also be for a legitimate reason." [152-1] at 65:16–18, 66:1–2. None of these issues is relevant to the question of contributory negligence, and whether Mr. Hylton-Brown's actions when fleeing the officers could constitute negligence on his own part, and thus, the question has not been "actually litigated," such that there should be any preclusive effect in this litigation.

## C. The District Was Neither a Party to Sutton's Criminal Trial Nor In a Position To Influence Its Outcome

Issue preclusion cannot be imposed except "after a full and fair opportunity for litigation by the parties or their privies." *Walker*, 123 A.3d at 164. The District, of course, was not a party to the *Sutton* criminal proceeding. Nor was it a privy. Privity requires that a non-party exercise meaningful control over the litigation, including the ability to direct legal strategy and decisions as though it were a formal party. *See Construction Services, Inc. v. Marty's Floor Covering Co.*, 259 A.2d 833, 835 (D.C. 1969); *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008). Shared interests in the litigation's outcome are insufficient to establish privity; the party must actively influence the legal and procedural strategies. *See Smith v. Jenkins*, 562 A.2d 610, 616 (D.C. 1989).

This legal principle precludes the application of issue preclusion against the District regarding *any* issue, and the "right to flee" issue illustrates the unfairness of applying issue preclusion here. Officer Sutton's defense counsel made strategic decisions solely to protect his client from conviction, without consideration for how the District might defend itself in a subsequent civil case. The District was not in the room when the supposed "right to flee" was being discussed and had no ability to defend its interests. Officer Sutton has appealed from the judgment, but the District has no control over how or whether Officer Sutton's counsel will address the "right to flee" issue before the D.C. Circuit.

Plaintiffs invite the Court to create new law by holding that D.C. Code § 2-415 establishes the privity necessary for issue preclusion. Section 2-415, however, says nothing about issue preclusion or collateral estoppel. No court has held § 2-415 to be relevant to issue preclusion. Moreover, to the extent relevant at all, § 2-415 establishes a policy *inconsistent* with the imposition of issue preclusion.

Section 2-415 provides employees with the substantive protection of indemnification, while providing the District with the procedural protection of controlling its own defense. There can never be a negligence action (within the scope of § 2-415) where an adjudication against an employee binds the District. The statute protects the District by mandating that the District, and not its allegedly negligent employee, is present as the named defendant and in control of the litigation.

Thus if the original *Sutton* litigation had been a civil negligence case, rather than a criminal matter, the case would have been dismissed due to the failure to name the District as a defendant. *See* D.C. Code § 2-415. The proper procedure, if a plaintiff believes that negligent District employees were acting within the scope of their employment, would be to sue the District. The District would then have complete control over its defense, including the right to frame its arguments, examine witnesses, select the evidence it wishes to present, and file an appeal if necessary.

Section 2-415, which is carefully designed to preserve those procedural rights in the civil context, cannot be read to strip the District of those rights in the circumstances presented here. The statute says nothing at all about criminal proceedings or their effect, and depriving the District of its right to present its own defenses is contrary to § 2-415's underlying policy.

## II.   The Pendency of Officer Sutton's Appeal Counsels Against Application of Issue Preclusion

In a case where the elements of issue preclusion are met, the pendency of an appeal does not *prevent* a court from applying issue preclusion. But a court also has discretion to wait for the resolution of an appeal. *See Southern Pacific Communications Co. v. American Tel. & Tel. Co.*, 740 F.2d 1011, 1018 (D.C. Cir. 1984). Exercising such discretion can avoid the risk that a

reversal of the underlying judgment would necessitate overturning the application of issue preclusion.

Here, Judge Friedman formally found that "[t]here are substantial questions on appeal." Tr. of Sutton and Zabavksy Sentencing on 9/12/2024, pg 102. He did so when sentencing Officers Sutton and Zabavksy, declining to detain them pending appeal in part because "many of the arguments" discussed in Judge Friedman's prior opinions, including "arguments about constitutional policing" and "significant evidentiary questions," could "lead to a reversal of the conviction, and perhaps a new trial." *Id.* at 103.

As stated previously, Judge Friedman did not in actuality hold that there is a "right to flee" that abrogates the defense of contributory negligence. But if one assumes that he did, which is the predicate for Plaintiff's argument, such a "holding" adds to the risk that the conviction will be reversed.

Here, not only is there a very substantial appeal pending, but discovery has only just begun. If the Court determines that Judge Friedman held that the right to flee abrogates a contributory negligence defense, the most efficient way of proceeding is to make no ruling on issue preclusion, particularly based on a "right to flee" argument, before the pending appeal is resolved. At that point the matter can be addressed with the benefit of a full evidentiary record.

### III.     The District Is Not Estopped From Denying *Respondeat Superior* Liability

Even assuming that Officer Sutton was negligent, the District cannot be found liable for such negligence unless a jury finds that, at the time of his negligence, he was acting within the scope of his employment. This argument is not waived and remains viable. A police officer who is attempting to steal money—an allegation at the core of Plaintiffs' Fifth Amendment claims—

7

is not acting within the scope of his employment, whether or not he is on duty at the time of his alleged attempted theft.

As with contributory negligence and the so-called "right to flee", the issue of *respondeat superior* (and whether Officer Sutton was acting within the scope of his employment) was never resolved in the criminal matter. In the matter before this Court, the District specifically denied Plaintiff's allegations that Officer Sutton was "acting under color of law," and that "a *respondeat superior* relationship between the District and the 5 police officers attaches."  *See* [26] (Amended Complaint) at ¶129; [110] (Answer) at ¶ 129 ("Denied"). Further, the District does not represent Officer Sutton and is therefore not bound by his argument that he was acting within the scope of employment.

The District of Columbia Court of Appeals provided a thorough analysis of the *respondeat superior* doctrine in *Trump v. Carroll*, 292 A.3d 220 (D.C. 2023). The court explained that to hold an employer responsible for an employee's tort, the plaintiff must establish, among other things, that "the employee must have been actuated by a purpose to serve the [employer]." *Id.* at 234. An employer is not responsible for employees who "used their employment as a mere opportunity to act on a personal grievance." *Id.* at 235. Thus:

> It is not sufficient that an employee was authorized to act in the manner they did, or that the conduct, being authorized, was within the time and space of the employee's general employment—the factfinder must specifically consider whether, in the moments surrounding the employee's conduct, there is evidence that the employee was, in fact, motivated by the purpose of serving the master.

*Id.* at 238.

According to the Plaintiff, Officer Sutton's interactions with Mr. Hylton-Brown were motivated by an alleged desire to steal Mr. Hylton-Brown's money. Indeed, this allegation is

8

central to the Plaintiff's claim under the Fifth Amendment. The Court held that such the Fifth Amendment claim is viable because:

> In sum, if officers engaged Hylton-Brown in a dangerous car chase, driving him into oncoming traffic and to his death, because they wanted to take money from him, as Plaintiffs allege, their conduct was outrageous and conscience shocking. Such conduct is motivated by a malicious purpose that has nothing to do with the job of a police officer, does not relate to any legitimate law enforcement objective, and represents a significant abuse of power . . . .

[105] (Mem. Op.) at 15.

This alleged motivation to steal money, though necessary to support the Fifth Amendment claim, is inconsistent with an assertion that Officer Sutton was acting within the scope of his employment. As the Court stated, such a "malicious purpose" "has nothing to do with the job of a police officer [and] does not relate to any legitimate law enforcement objective." *See id.* In determining whether a plaintiff can establish the purpose element of *respondeat superior*, "[o]ur focus is on the subjective state of mind of the tortfeasor-employee." *Trump*, 292 A.3d at 234.

For today's purposes, it suffices that *respondeat superior* is not established as a matter of law. As the District of Columbia Court of Appeals held repeatedly, "scope of employment" "is a fact-intensive question for the factfinder . . . ." *Id.* at 240; *accord id.* at 225 ("factbound question"), 230 ("fact-intensive question for the factfinder," "dependent upon the facts and circumstances of each case"), 240 ("fact-bound inquiry"). Accordingly, the issue must be resolved by the jury based on the evidence presented at trial.

## CONCLUSION

The District is not bound by the judgment in the *Sutton* criminal matter on any issue, including contributory negligence and including whether there is a "right to flee." The District was neither a party to nor in privity with any party in the criminal case and had no opportunity to

9

litigate these issues. As a result, the judgment in the criminal proceeding has no preclusive effect in this civil matter.

Date: January 6, 2024Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Berman*
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

*/s/ Elise Levy*
ELISE LEVY [90018007]
ELI KOPPEL[*]
Assistant Attorneys General
Civil Litigation Division, Section III
400 6th Street NW
Washington, D.C. 20001
(202) 724-6617; (202) 724-7316
elise.levy@dc.gov; eli.koppel@dc.gov

***Counsel for Defendants District of Columbia, Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick***

---

[*] Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Jonathan Berman, member of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c) and D.D.C. LCvR 83.2(g).