UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMAALA JONES-BEY**, *et al.*, *Plaintiffs*, v. **DISTRICT OF COLUMBIA**, *et al.*, *Defendants*. | Civil Action No. 1:21-cv-02674 (JMC) |

### DEFENDANT DISTRICT OF COLUMBIA'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT REGARDING EFFECTS OF THE PRESIDENTIAL PARDON OF OFFICER TERENCE SUTTON

Pending before this Court are Plaintiffs' motions for partial summary judgment. [95, 102, 118]. These motions essentially argue that the murder conviction of Officer Terence Sutton precludes the District of Columbia from contesting Plaintiffs' allegations of negligence. These motions are fully briefed and argued. However, as a result of recent developments, the District believes these motions are no longer ripe for resolution.

On January 22, 2025, Defendants Terence Sutton and Andrew Zabavsky were granted "full and unconditional pardon[s]" for all crimes sentenced to on September 12, 2024, including Sutton's second-degree murder conviction for the death of Karon Hylton-Brown. Ex 1. On January 23, 2025, the United States filed an unopposed motion in *United States of America v. Terence Sutton and Andrew Zabavsky,* USCA Case # 24-3131 in the United States Court of Appeals for the District of Columbia Circuit, to vacate the convictions of Terence Sutton and Andrew Zabavsky. Ex 2.

The Court should hold the pending summary judgment motions in abeyance pending the D.C. Circuit's determination of the United States' motion to vacate the convictions. If the United States's motion to vacate is granted, there will be no basis for Plaintiffs' summary judgment motions. Ms. Jones-Bey and Ms. Hylton's arguments rely on Sutton's conviction. *See* ECF 95. However, if the convictions are vacated *ab initio*, no issue will have been "actually litigated," resolved by a "valid, final judgment on the merits," or deemed "essential to the judgment." *See Walker v. FedEx Off. & Print Servs.*, 123 A.3d 160, 164 (D.C. 2015); *Ali Baba Co., Inc. v. Wilco*, Inc., 482 A.2d 418, 422 (D.C. 1984); *Hurd v. District of Columbia,* 864 F.3d 671, 680 (D.C. Cir. 2017). Without these requisite elements, collateral estoppel cannot apply as a matter of law.

In the alternative, the District seeks leave to brief the impact of the Pardons. Even if Officer Sutton's conviction is never vacated, his pardon independently precludes Ms. Jones-Bey and Ms. Hylton's collateral estoppel arguments. In the District, a presidential pardon issued while an appeal is pending indicates "final judgment never has been reached," therefore nullifying the legal force of a conviction, rendering it moot and vacating related opinions, judgments, and verdicts. *United States v. Schaffer*, 240 F.3d 35, 113 (D.C. Circ. 2001); *see also Ex parte Garland*, 71 U.S. 333, 380 (1866) (a presidential pardon "releases the punishment and blots out of existence the guilt."). As *Schaffer* underscores, the practical effect of a pardon is to eliminate the conviction as a basis for collateral estoppel as there is no longer a valid and enforceable judgment on which to rely. As such, Ms. Jones-Bey and Ms. Hylton's Partial Motions for Summary Judgment must fail.

Therefore, the District requests that the court delay its ruling on the Motions for Summary Judgment until after the United States's Motion is resolved or, in the alternative, permit further briefing on the issue on the legal effect of the pardon.

Date:  January 24, 2025                    Respectfully submitted,

                                              BRIAN L. SCHWALB
                                              Attorney General for the District of Columbia

                                              STEPHANIE E. LITOS
                                              Deputy Attorney General
                                              Civil Litigation Division

                                              */s/ Jonathan Berman*_____
                                              JONATHAN BERMAN [445169]
                                              Chief, Civil Litigation Division, Section III

                                              */s/ Elise Levy*_____
                                              ELISE LEVY [90018007]
                                              ELI KOPPEL[1]
                                              Assistant Attorneys General
                                              Civil Litigation Division
                                              400 6th Street, NW
                                              Washington, DC  20001
                                              (202) 724-6617; (202) 724-7316
                                              elise.levy@dc.gov; eli.koppel@dc.gov

                                              ***Counsel for Defendant District of Columbia***

---

[1] Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Jonathan Berman, a member of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c).