UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMAALA JONES-BEY, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>                Defendants. | Case No. 21-cv-02674 (JMC) |

**MEMORANDUM OPINION**

      This suit arises from a police chase by Metropolitan Police Department (MPD) officers that resulted in the death of Karon Hylton-Brown, a 20-year-old man who had borrowed his friend's moped to search for his lost keys and whom the officers chased at high speeds through D.C. streets in violation of MPD's written policies. The chase ended in tragedy when Hylton-Brown exited an alley as the MPD officers pursued him and was fatally struck by a civilian-driven SUV. Two of the officers involved in the chase—MPD Lieutenant Andrew Zabavsky and MPD officer Terence Sutton—were convicted of obstruction of justice and conspiracy to obstruct justice due to their conduct following the crash, and Sutton was also convicted of second-degree murder of Hylton-Brown. Alongside that prosecution, Plaintiffs Amaala Jones-Bey, the representative of Hylton-Brown's estate and mother of his minor child, and Karen Hylton, Hylton-Brown's mother, commenced this civil suit against Defendants Zabavsky, Sutton, three other officers involved in the chase, and the District of Columbia.

1

Although President Trump later issued a full and unconditional pardon of Zabavsky and Sutton for these crimes,[1] Plaintiffs' civil suit continues. The Court has already allowed some of Plaintiffs' claims to proceed past a motion to dismiss by Defendants Sutton, Carlos Tejera, Ahmed Al-Shrawi, Cory Novick, and the District; the individual Defendants have appealed that decision on qualified immunity grounds. *See* ECF 106; ECF 120; ECF 121.[2] In the meantime, Zabavsky moves to dismiss Plaintiffs' claims against him. ECF 107. Jones-Bey opposes. ECF 116. On the same grounds as the Court's prior ruling on the other Defendants' motions to dismiss, the Court will **GRANT** in part and **DENY** in part Zabavsky's motion to dismiss Jones-Bey's claims. And because Hylton has not responded to Zabavsky's motion, the Court will **GRANT** Zabavsky's motion to dismiss Hylton's claims as conceded.

I. **BACKGROUND**

The Court outlined the alleged facts in this case in its order on the other five Defendants' motions to dismiss. *See* ECF 105 at 3–7. Here, the Court merely highlights allegations pertinent to Jones-Bey's claims against Zabavsky, as set forth in her amended complaint and documents it incorporates by reference. *See* ECF 26.

On the night of October 23, 2020, two MPD police cars approached Hylton-Brown as he rode a moped on the sidewalk along Kennedy Street in Northwest D.C. to look for his lost car keys. ECF 26 ¶¶ 17, 20–35, 48; *United States v. Sutton*, 21-cr-598 (PLF), ECF 1 ¶ 10 (D.D.C. Sept. 23, 2021) ("Indictment") (criminal indictment against Zabavsky and Sutton); *see also* ECF

---

[1] *See* White House, Executive Grant of Clemency for Andrew Zabavsky (Jan. 22, 2025), https://perma.cc/RMZ6-ZB3U; White House, Executive Grant of Clemency for Terence Sutton (Jan. 22, 2025), https://perma.cc/92ZT-47SC.
[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

26 ¶ 115 (incorporating by reference the Indictment).[3] Sutton drove one of the police cars, and Tejera, Al-Shrawi, and Novick were passengers in that car. ECF 26 ¶ 48. Zabavsky drove the other police car. *Id.*; Indictment ¶ 10. Zabavsky, a lieutenant, supervised Sutton and "was responsible for ensuring that officers under his supervision complied with MPD policies and procedures." Indictment ¶ 7; *see also* ECF 116 at 6–7; ECF 26 ¶ 268. Among its policies and procedures, MPD prohibits police vehicle pursuits "for the purpose of affecting a stop for a traffic violation." Indictment ¶ 8 (citing MPD General Order No. 301.03); *see also* ECF 26 ¶ 10; ECF 116 at 12.

When Sutton's and Zabavsky's cars approached Hylton-Brown, Sutton called out, "Hey, Karon," and Hylton-Brown responded, "What do you want?" ECF 26 ¶¶ 31–32. Sutton did not respond, and Hylton-Brown started to drive away on his moped. *Id.* ¶¶ 33–34. At that point, Sutton and Zabavsky both activated their emergency lights and started chasing him. Indictment ¶ 10. Purportedly, the officers chased Hylton-Brown because he was riding a moped on the sidewalk and was riding without a helmet, both of which are "municipal traffic violations." *Id.* Jones-Bey alleges that they chased Hylton-Brown as a "joyride" and that those officers were "known for targeting, terrorizing and brutalizing bikers with their cruisers." ECF 26 ¶ 95; *Id.* ¶ 268 (alleging Zabavsky's "history of chasing target[ed] bikers with police vehicles"). She also alleges that the officers, including Zabavsky, chased Hylton-Brown "with the intention of confiscating [his] property including cash for their own illicit purposes," which she calls a "known pattern and practice to motorbike riders" like Hylton-Brown. *Id.* ¶ 56.

---

[3] For purposes of deciding this motion to dismiss, the Court considers allegations in the criminal indictment against Zabavsky and Sutton because Jones-Bey "refer[s] to [the indictment] in [her amended] complaint and [it is] integral to [her] claim." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015); *see* ECF 26 ¶ 115. And although the Court at this stage treats the indictment as it would any other document incorporated into a complaint, it observes that Zabavsky's presidential pardon does not affect the existence or validity of the indictment. *See In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("[A] pardon does not blot out probable cause of guilt or expunge an indictment.").

3

The chase lasted more than three minutes through residential streets at speeds that at one point reached 45 miles per hour, more than double the speed limit. Indictment ¶ 11; ECF 26 ¶¶ 17, 226. Initially, Zabavsky followed behind Sutton's car as they chased Hylton-Brown, but Zabavsky overtook Sutton as the primary pursuit vehicle for part of the chase. Indictment ¶ 12. After "several blocks," Zabavsky "separated from the direct pursuit, but drove in a parallel path of travel" so that he could "intercept Hylton-Brown from a different direction." *Id.* During the chase, Sutton and Zabavsky turned off their primary dispatch channel, the one used for coordinating vehicle pursuits, and instead communicated their location updates to one another over a closed police radio channel accessible only to other officers so that Zabavsky's supervisor could not monitor the pursuit. *Id.*; ECF 26 ¶¶ 223, 270. At one point, Zabavsky announced over that radio station, "Seventh and Ingraham. We're chasing Karon on a scooter right now." Indictment ¶ 26(b).

Shortly after Zabavsky pulled away from the pursuit to intercept Hylton-Brown, Sutton "followed Hylton-Brown into an alleyway" and chased him toward the alleyway's exit on Kennedy Street. *Id.* ¶ 13. As soon as Hylton-Brown entered the street, an oncoming civilian-driven SUV struck him and threw him off his moped. *Id.*; ECF 26 ¶ 145. Zabavsky was about half a block down the street facing the crash when it occurred, and he arrived at the scene about 16 seconds after impact. Indictment ¶ 13. Blood pooled around Hylton-Brown's head as he lay motionless and unconscious on the ground. *Id.* ¶ 14. Hylton-Brown died from his injuries five days later. *Id.* ¶ 18.

On September 23, 2021, the United States indicted Sutton on a charge of second-degree murder and indicted both Sutton and Zabavsky for obstruction of justice and conspiracy to obstruct justice. *Id.* ¶ 3. A jury found Zabavsky and Sutton guilty on all counts. *Sutton*, 21-cr-598 (PLF), ECF 426 (D.D.C. Dec. 21, 2022). Yet, while their criminal appeal was pending, President Trump granted them both a "full and unconditional pardon" for those convictions. *See supra* n.1; *United*

*States v. Sutton*, Case No. 24-3131 (D.C. Cir.); *United States v. Zabavsky*, Case No. 24-3142 (D.C. Cir.).

In the instant civil suit, this Court granted in part and denied in part motions to dismiss filed by Sutton, Tejera, Al-Shrawi, Novick, and the District. ECF 106. In addition to allowing a set of claims against the District to proceed to discovery, the Court also denied dismissal as to Plaintiffs' Fifth Amendment claims against those four individual Defendants. *Id.* at 1–2. Meanwhile, the Court dismissed Jones-Bey's claims against those four individual Defendants for violation of the Fourth Amendment, battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress, as well as Hylton's negligence claim. *Id.* Because Plaintiffs served process on Zabavsky later than the other Defendants, Zabavsky did not file his motion to dismiss until after the Court's order on the other Defendants' motions. *See* May 23, 2024 Min. Order; ECF 107.

Plaintiffs bring all the same claims against Zabavsky as they brought against the other four individual Defendants. Jones-Bey alleges that Zabavsky violated the Fourth and Fifth Amendments of the Constitution (pursuant to 42 U.S.C. § 1983) and committed battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress. ECF 26. Hylton alleges a Fifth Amendment (§ 1983) violation and negligence. ECF 32-1. Zabavsky moved to dismiss all of Plaintiffs' claims against him. ECF 107. Jones-Bey opposed, ECF 116, and Zabavsky replied, ECF 131. For her part, Hylton did not oppose Zabavsky's motion and indicated at an August 15, 2024, hearing that she had chosen not to oppose it. *See* Aug. 15, 2024 Hearing Tr. 25:7–26:1 (Hylton's counsel stating that she "do[es]n't intend to respond" to Zabavsky's motion to dismiss and maintaining that position even after a reminder that not responding could result in concession).

5

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all the elements of the claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679. When a plaintiff does not respond to a motion to dismiss, the court may treat her claims as conceded. D.D.C. Local Civ. R. 7(b).

## III.  ANALYSIS

As an initial matter, Hylton's claims against Zabavsky are dismissed because Hylton conceded the motion by choosing not to file an opposition. *See* Aug. 15, 2024 Hearing Tr. 25:7–26:1; D.D.C. Local Civ. R. 7(b); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004).

As for Jones-Bey's claims against Zabavsky, the Court's resolution follows straightforwardly from its decision on the other Defendants' motions to dismiss. Jones-Bey's Fourth Amendment and common law claims against Zabavsky share all the same defects as Plaintiffs' allegations against the other four individual Defendants. At the same time, her Fifth Amendment claim survives for the same basic reasons as did Plaintiffs' Fifth Amendment claims against the other Defendants. Indeed, as explained below, Zabavsky's alleged culpability for violating Hylton-Brown's Fifth Amendment due process rights is at least as plausible as that of the other four officers involved, if not more so.

### A. Jones-Bey's Fourth Amendment and Common Law Claims Are Dismissed

Under the law-of-the-case doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999). Although the doctrine is "not a binding rule" but instead "a principle that guides courts in the exercise of their discretion," *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022), it upholds the "most basic principle of jurisprudence" that "we must act alike in all cases of like nature," *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996). Accordingly, the Supreme Court advises lower courts generally to abide by the doctrine "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Under the law-of-the-case doctrine, a court may apply a previous ruling regarding certain defendants to a subsequent decision regarding different defendants in the same case when the plaintiff "does not present any new [relevant] facts or law" that differentiate the two sets of defendants. *See, e.g.*, *Feirson v. D.C.*, 362 F. Supp. 2d 244, 247 (D.D.C. 2005), *aff'd*, 506 F.3d 1063 (D.C. Cir. 2007).

That doctrine calls for dismissal of Jones-Bey's Fourth Amendment and common law claims against Zabavsky. Start with the Fourth Amendment claim. In its prior ruling, this Court held that Jones-Bey failed to state a claim for unreasonable seizure under the Fourth Amendment because "[t]here is nothing in the complaint from which the Court can infer that the [individual Defendant] officers purposefully orchestrated" the civilian-driven SUV's collision with Hylton-Brown "or had any control over that person or the SUV." ECF 105 at 9. Thus, the Court held, "there was no seizure" of Hylton-Brown. *Id.* In her opposition to Zabavsky's motion here, Jones-Bey points to no facts or law to distinguish Zabavsky's conduct from that of the other individual

7

Defendants on that dispositive point. To the contrary, Jones-Bey's only argument on this point is that "the officers in *Sutton's* unmarked MPD vehicle caused [Hylton-Brown] to be unlawfully seized and killed by a civilian car." ECF 116 at 4 (emphasis added). If those other officers did not seize Hylton-Brown—as this Court has already held—then, by Jones-Bey's own account, Zabavsky certainly did not.

The same goes for Jones-Bey's common law claims. Jones-Bey's negligence and negligence per se claims cannot survive because the D.C. Employee Non-Liability Act bars suits against D.C. employees for injuries "resulting from the operation by such employee of any vehicle" if done within the employee's scope of employment, ECF 105 at 26 (quoting D.C. Code § 2-415), and Zabavsky, like the other individual officer Defendants, was allegedly operating a vehicle "within the scope of [his] employment" during the chase, ECF 26 ¶ 140. Jones-Bey's assault claim fails because, as this Court already found, "Jones-Bey has not sufficiently pled that" Zabavsky, like the other officers, "intended to harm Hylton-Brown physically or to put him in fear of physical harm by chasing him." ECF 105 at 24. And her battery claim fails because, among other things, "she does not allege any contact between [Zabavsky] and Hylton-Brown that satisfies the elements for battery or otherwise point the Court to allegations in her complaint that suffice to state a battery claim." *Id.* at 23. Meanwhile, the Court already found that Jones-Bey's claims for intentional infliction of emotional distress and negligent infliction of emotional distress lack the requisite allegations of a plaintiff's emotional distress—an issue that applies equally to the claims against Zabavsky. *See id.* at 31–32. Appropriately, the Parties agree that, given the Court's prior ruling, all of these claims against Zabavsky must be dismissed. *See* ECF 107 at 2–4; ECF 116 at 2.

### B. Jones-Bey's Fifth Amendment Claim Survives

Whereas this Court's prior decision cuts in Zabavsky's favor on the above claims, it counsels in favor of allowing Jones-Bey's Fifth Amendment claim to proceed.

### 1. *Jones-Bey States a Fifth Amendment Claim Against Zabavsky*

In its prior ruling, this Court held that Jones-Bey's allegations against the other individual Defendants sufficiently stated a Fifth Amendment violation of Hylton-Brown's substantive due process rights because those officers allegedly chased Hylton-Brown with "'intent to harm [him] physically or to worsen [his] legal plight'" and thereby acted with "'an improper or malicious motive.'" ECF 105 at 12 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854–55 (1998)). Specifically, Jones-Bey and Hylton both allege that the officers "pursued Hylton-Brown to take money from him" and "also may have thought it would be fun to stop Hylton-Brown to harass him." *Id.* at 3–4, 13 (citing, *inter alia*, ECF 26 ¶¶ 56, 95). This Court held that, "if officers engaged Hylton-Brown in a dangerous car chase, driving him into oncoming traffic and to his death, because they wanted to take money from him, as Plaintiffs allege, their conduct was outrageous and conscience shocking" and thereby violated the Fifth Amendment. *Id.* at 15; *see Lewis*, 523 U.S. at 846 (explaining that an officer's abuse of power violates substantive due process when it "shocks the conscience").

Zabavsky tries to get out from under that holding in two ways, both unavailing. First, he tries to distinguish his conduct during the chase from that of the other individual Defendants. He contends that "Zabavsky was not even a bystander" to the allegedly unconstitutional chase because, unlike Sutton and the other officers who were passengers in Sutton's car, Zabavsky "was blocks away from the incident," "never drove down any alleyways," did not "go the wrong way down a one way street" and was "driving in the opposite direction" from the chase for all but "the

9

initial few seconds," including at the chase's deadly conclusion. ECF 107 at 6–7. Thus, Zabavsky argues, he does not meet the requirements for bystander liability announced by other circuits and adopted by this court: namely, that the officer "(1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent harm; and (3) chose not to act." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014) (cited at ECF 105 at 15); *see* ECF 107 at 6.

Yet Zabavsky's account conflicts with Jones-Bey's allegations and reasonable inferences therefrom. For one thing, as alleged, Zabavsky did not merely engage in the chase for a "few seconds." *See* ECF 107 at 7. Instead, he allegedly helped to initiate the chase, drove right behind Sutton's car for "several blocks" of the chase, and took the lead in the pursuit for about a block. Indictment ¶¶ 10, 12; *see* ECF 26 ¶ 115. For another, Jones-Bey alleges that Zabavsky only separated from the chase so that he could "intercept Hylton-Brown from a different direction." Indictment ¶ 12. That hardly qualifies as "disengage[ing]" from the chase, as Zabavsky frames it, in any relevant sense. ECF 107 at 5; *see* ECF 116 at 21. Further, Jones-Bey alleges that Zabavsky communicated with Sutton's car by closed radio throughout the chase and "regularly announced location updates" over the channel. Indictment ¶ 12; ECF 26 ¶¶ 223. Perhaps most important, Zabavsky was Sutton's supervisor and "was responsible for ensuring that officers under his supervision complied with MPD policies and procedures," including those that the individual Defendants allegedly violated here. Indictment ¶¶ 7–9; ECF 116 at 21–22. At a minimum, those allegations—accepted as true, as this Court must at this stage—establish that Zabavsky knew that Sutton was violating Hylton-Brown's constitutional rights, had a reasonable opportunity to stop him, and chose not to. That states a claim for bystander liability. *See Stevenson*, 743 F.3d at 417; ECF 116 at 15–19.

10

Indeed, the allegations suggest that Zabavsky, like the passenger-officers in Sutton's car, was "much more than [a] mere bystander[]" due to his "affirmative conduct to assist Sutton in his pursuit of Hylton-Brown." ECF 105 at 15. Zabavsky's driving in front of or right behind Sutton for several blocks and then coordinating with Sutton to intercept Hylton-Brown from another direction plainly qualifies as affirmative conduct that assisted Sutton in his pursuit. As Jones-Bey argues, the allegations in Jones-Bey's complaint and incorporated documents plausibly support the claim that the officers, including Zabavsky, acted "in concert." ECF 116 at 7. In short, if the other individual Defendants violated Hylton-Brown's due process rights, as Jones-Bey plausibly alleged, then so did Zabavsky.

Changing tack, Zabavsky's remaining argument against Jones-Bey's Fifth Amendment claim tries to undermine her allegations with contrary evidence. His effort falters. Zabavsky points out that Judge Friedman, who oversaw the criminal trial against Zabavsky and Sutton, decided to exclude from trial evidence of the money found on Hylton-Brown's body because, according to Zabavsky, he found that the officers "did not possess knowledge of that money until after the collision." ECF 107 at 8 (citing Op. and Order, *Sutton*, No. 21-cr-598 (PLF), ECF 530 at 28 (D.D.C. 2024) ("Friedman Order")). Zabavsky asks this Court to take judicial notice of Judge Friedman's decision on the ground that "the Court may take judicial notice of public records at the motion to dismiss stage." ECF 107 at 8 (citing ECF 105 at 5 n.3; *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)). To be sure, the D.C. Circuit permits district courts, at their discretion, to take judicial notice of records of another court proceeding at the motion to dismiss stage "when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted." *Covad Commc'ns*, 407 F.3d at 1222.

11

Zabavsky's problem is that the court record he cites does not "make clear" that Jones-Bey fails to state a claim. For starters, Judge Friedman's finding appears to apply only to Sutton, not Zabavsky. *See* Friedman Order at 28 (finding that the information about the cash "could not have informed Sutton's state of mind during the pursuit"). That makes sense, because Zabavsky was indicted only for his conduct in obstructing justice after the crash, not for the crash itself, and thus his state of mind during the pursuit was not relevant to that trial. *See* Indictment ¶¶ 31–48, 50. But even if this Court were to impute that finding to Zabavsky, it would not resolve the question here. That Zabavsky did not *know* whether Hylton-Brown had cash on him does not necessarily preclude (nor render implausible) an allegation that he may have *suspected* that Hylton-Brown had money on him and chased Hylton-Brown with the purpose of taking any money he may have had—particularly if, as alleged, chasing bikers for money was a "pattern and practice" of Zabavsky and the other officers. ECF 26 ¶ 56. And another court's decision to exclude evidence of knowledge or intent in a criminal proceeding does not necessarily mean this Court would make the same decision in this civil case, were it to go to trial. Further, Zabavsky's argument does not even address his other alleged motive for chasing Hylton-Brown: that he and the other officers saw it as a "joyride" and did it for fun. *Id.* ¶ 95. As this Court has already held, "[a]n officer's intent to steal money from a person is a sufficiently harmful motive to support a due process violation. Initiating dangerous car pursuits for sport is similarly offensive." ECF 105 at 12. So Zabavsky's argument on his knowledge and intent fails to save his motion, and Jones-Bey's Fifth Amendment claim is adequately pled.[4]

---

[4] In reply, Zabavsky argues that Jones-Bey failed to address his judicial-notice argument in her opposition and therefore conceded the argument. ECF 131 at 5–6. But the concession rule is permissive; a district court may choose in its discretion whether or not to enforce it. *See Twelve John Does v. D.C.*, 117 F.3d 571, 577 (D.C. Cir. 1997). And as explained above, even if the Court did accept Zabavsky's argument that the Friedman Order establishes Zabavsky's lack of knowledge as to Hylton-Brown's possession of cash and therefore lacked that motive in chasing him, it would

### *2. Zabavsky Is Not Entitled to Qualified Immunity on Jones-Bey's Fifth Amendment Claim*

Qualified immunity cannot save Zabavsky's motion either. In its decision on the other four individual Defendants, this Court found that "no competent officer would believe that he was free to initiate a high-speed car chase, or affirmatively assist a fellow officer in a dangerous vehicle pursuit, to harass and steal money from a motorist." ECF 105 at 17. Thus, "the due process right at issue was clearly established at the time [those officers] chased Hylton-Brown," and qualified immunity did not protect those other four Defendants. *Id.* Nothing in Jones-Bey's complaint or Zabavsky's motion suggests a different outcome with respect to Zabavsky. And Zabavsky does not argue otherwise with any specificity. *See* ECF 107 at 5 (arguing generally that "Zabavsky is entitled to qualified immunity" but not explaining why or with respect to which claim(s)). Thus, the law of the case dictates that Zabavsky, too, lacks qualified immunity for his violations of Hylton-Brown's Fifth Amendment due process rights.

\* \* \*

For the foregoing reasons, Zabavsky's motion to dismiss for failure to state a claim, ECF 107, is **DENIED** as to Jones-Bey's Fifth Amendment claim, **GRANTED** as to the rest of Jones-Bey's claims against Zabavsky, and **GRANTED** as to both of Hylton's claims against Zabavsky. A separate order accompanies this memorandum opinion.

---

not preclude Jones-Bey's allegation that Zabavsky engaged in the chase for sport. The Court also rejects Zabavsky's other concession arguments against Jones-Bey because, for those, Jones-Bey did respond—although Zabavsky would be forgiven for missing Jones-Bey's meritorious responses amid her brief's impermissible inclusion of facts not alleged in or incorporated by reference into her complaint. Jones-Bey's counsel is reminded to stick to the facts properly before the Court, and to address all arguments or risk conceding them, in future motions.

**SO ORDERED.**

                                                     _____

                                                   JIA M. COBB
                                                   United States District Judge

Date: February 7, 2025