**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMAALA JONES-BEY, *et al.*,**<br>***Plaintiffs*,**<br>**v.**<br>**DISTRICT OF COLUMBIA, *et al.*,**<br>***Defendants*.** | **Civil Action No. 1:21-cv-02674 (JMC)** |

**DEFENDANT DISTIRCT OF COLUMBIA AND PLAINTIFF-INTERVENOR KAREN HYLTON'S JOINT MOTION REQUESTING TELECONFERENCE**

Pursuant to Section V of the Court's Scheduling Order [151], Defendant District of Columbia (the District) and Plaintiff-Intervenor Karen Hylton, by counsel, jointly move the Court to schedule a teleconference at the earliest convenient date to address pending discovery issues. Repeated communications have failed to resolve the dispute outlined below.

A proposed order is attached for the Court's consideration. Parties are available for a teleconference on April 9, 10, or 11. *See* Scheduling Order, at *3.

## I. Defendant District of Columbia's Position

### A. The Court Should Compel Plaintiff-Intervenor to Respond to the District's Discovery Requests.

On January 31, 2025, the District served interrogatories and document requests on Plaintiff-Intervenor, with responses due on March 3, 2025. *See* Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (requests for documents), Ex. 1 (discovery requests). Plaintiff-Intervenor failed to provide any discovery response by that deadline—no interrogatory responses, no documents, and not even any objections. This remains the case today. *See* Ex. 2 (deficiency letter).

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), the District requests the Court compel Plaintiff-Intervenor to fully respond to the District's discovery requests within two weeks of the teleconference. Because Plaintiff-Intervenor entirely failed to respond to the propounded requests, the District requests that the Court order Plaintiff-Intervenor to respond *without objections* to the District's interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33(b)(4); *Caudle v. District of Columbia*, 263 F.R.D. 29, 32 (D.D.C. 2009) (objections to document requests waived when served 21 days after deadline); *accord* Fed. R. Civ. P 37(d)(1)(A)(ii) (authorizing sanctions on a party who fails to "serve its answers, objections, or written response"). The Court should also require Plaintiff-Intervenor to pay the costs incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must* . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. . . .); *accord* Fed. R. Civ. P 37(d)(3).

### B. <u>The Court Should Preclude Plaintiff-Intervenor From Seeking Any Damages Not Currently Disclosed.</u>

Fed. R. Civ. P. 26(a)(1)(A)(iii) required Plaintiff-Intervenor to disclose a "computation of each category of damages claimed" as well as "the documents or other evidentiary material . . . on which each computation is based." Disclosures were due on December 23, 2024. On that day, Plaintiff-Intervenor sent Defendant an email that identifies witnesses who may have information relevant to damages—but the email does not disclose any categories of damages, nor any computations, nor any supporting documents. *See* Ex. 3.

Pursuant to Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial . . . ." *See also* LCvR 26.2(a) ("A party that without substantial justification fails to disclose information . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed."). Accordingly, due to Plaintiff-Intervenor's complete failure to make the damages-related disclosures required by Rule 26(a)(1)(A)(iii), the District requests that the Court preclude Plaintiff-Intervenor from seeking damages. *See Fiacco v. Dept. of Veterans Affairs*, No. 19-cv-3714 (JMC), 2024 WL 4298616, at *4 (D.D.C. Sept. 26, 2024) (declining to consider an affidavit submitted by a witness not disclosed in discovery). The "preclusion [of the improper evidence] is required and mandatory absent some unusual or extenuating circumstances." *Id.*

## II. <u>Plaintiff-Intervenor Karen Hylton's Position</u>

Plaintiff-Intervenor Karen Hylton has had an unanticipated, recent change in counsel, which has resulted in an unanticipated delay in discovery responses. Attorney Bernadette Armand noticed her appearance on Ms. Hylton's behalf on March 18, 2025, replacing former lead trial counsel Attorney Joseph Caleb. Attorney Armand has since conferred with counsel for the District, flagging the need for additional time for counsel to come up to speed in the case. In the phone conference, Attorney Armand discussed the need for a proposed modified discovery schedule, to allow for additional time for the exchange of discovery requests and for Ms. Hylton's responses to the District's pending requests. Undersigned counsel has also discussed this proposed change with counsel for Plaintiff Jones-Bey. Counsel for Plaintiff Jones-Bey does not object to an alternative proposed schedule.

Ms. Hylton proposes, and at the telephonic conference would request leave to submit, a fact discovery schedule extended by four months, such that fact discovery would close on October 1, 2025, rather than June 1, 2025, with the expert discovery schedule modified

accordingly. Consistent with this proposed modified date, Ms. Hylton would respond to the District's discovery requests by August 1, 2025, a timeline that would provide the District its responses within three months of the close of fact discovery, consistent with the amount of time the District would have had with Ms. Hylton's responses under the current scheduling order. Further, given that discovery with respect to the Individual Officer Defendants is currently stayed, this change in schedule is unlikely to delay a trial in this matter.

Counsel for Ms. Hylton is available for a telephonic hearing on April 9, 10, or 11, or on another date convenient for the Court and parties.

**CONCLUSION**

To resolve these disputes, the moving parties respectfully request that the Court grant this motion and schedule a teleconference at its earliest convenience.

Date: April 2, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Berman*
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

*/s/ Eli Koppel*
ELI KOPPEL*
ELISE LEVY [90018007]
LAUREN NASSTROM [90027130]
Assistant Attorneys General

* Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Jonathan Berman, member of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c) and D.D.C. LCvR 83.2(g).

Civil Litigation Division, Section III
400 6th Street NW
Washington, D.C. 20001
(202) 724-6617; (202) 724-7316; (202) 262-2608
eli.koppel@dc.gov; elise.levy@dc.gov;
lauren.nasstrom@dc.gov

*Counsel for Defendant District of Columbia*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMAALA JONES-BEY, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>***Defendants*.** | **Civil Action No. 1:21-cv-02674 (JMC)** |

**ORDER**

Upon due consideration of the Joint Motion Requesting Teleconference by Plaintiff-Intervenor Karen Hylton and Defendant District of Columbia, it is this ______ day of April, 2025,

ORDERED that the motion is GRANTED; and it is further

ORDERED that the parties are to appear for a teleconference on April ___, 2025 at _____, in Courtroom X.

______________________________
Judge Jia M. Cobb
United States District Court Judge

Copies to all Counsel of Record