DEFENDANT'S EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMAALA JONES-BEY, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>***Defendants*.** | **Civil Action No. 1:21-cv-02674 (JMC)** |

**DEFENDANT DISTRICT OF COLUMBIA'S FIRST SET OF INTERROGATORIES TO PLAINTIFF-INTERVENOR KAREN HYLTON**

TO: Karen Hylton
c/o Charles Gerstein and Jason Harrow
Gerstein Harrow LLP
1001 G Street NW Suite 400e
Washington, DC 20001
(202) 670-4809
charlie@gerstein-harrow.com

*Counsel for Plaintiff-Intervenor*

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant District of Columbia (the District) directs these interrogatories to Plaintiff-Intervenor Karen Hylton. A copy of your signed, sworn answers to this first set of interrogatories must be served on the Office of the Attorney General for the District of Columbia, c/o Eli Koppel (eli.koppel@dc.gov) and Elise Levy (elise.levy@dc.gov), Assistant Attorneys General, within 30 days of service.

**INSTRUCTIONS AND DEFINITIONS**

1. Your answers must include knowledge or information in the possession of your agents, representatives, and attorneys. Where information provided is not within your personal

knowledge, your response may indicate that the information is being provided upon information and belief.

2. “Communication” shall mean any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, in which information of any nature was transmitted or transferred.

3. The term “document” or “documents” means any material, information, or tangible thing discoverable under Federal Rule of Civil Procedure 34(a)(1), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

4. “Person” as used herein means any natural individual, public or private corporation, partnership, joint venture, proprietorship, voluntary or unincorporated association, trust, estate or governmental agency, commission, bureau, or department.

5. “Incident” or “occurrence” shall mean the factual events and circumstances that are alleged in your Complaint in Intervention, from which you allege injury.

6. Where an interrogatory asks you to identify a document, your answer shall specifically designate: (a) the type of document (e.g., letter, inter-office memorandum, report, etc.); (b) the date of the document, if any; (c) the date on which the document came into Plaintiff-Intervenor’s possession, if different from the date appearing on the document itself; (d) the name or names of the signer or signers of the document; (e) the name or names, if any, of the person or persons to whom the document is addressed; (f) the title or heading of the documents and its approximate number of pages; (g) a brief summary of the subject matter of the document;

and (h) the present whereabouts of the document, and the identity of the custodian thereof and the identity of persons to whom copies were sent.

7. Where an interrogatory asks you to identify a person, your answer shall provide enough information to enable the District to identify the person including his/her name, present or last known home and business address, telephone number, present employment, relevant former positions he/she has held, and his/her relationship to you, if any.

8. Where an interrogatory asks you to state the factual and legal basis of a claim, allegation, or contention, your answer shall state the facts that support the claim, allegation or contention, the documents that support the claim, allegation or contention, the witnesses that support the claim, allegation or contention and the substance of such witnesses' likely testimony.

9. Where an interrogatory asks you to identify a communication or contact, your answer shall specify whether it was oral or written; if it was written (or if the oral communication or contact was recorded in any manner), identify the medium of recording; and if the communication or contact was oral, identify the person(s) who sent, received, or had knowledge of it; and identify the approximate date of the communication or contact.

10. Whenever an interrogatory asks you to "list" or "identify" documents, Plaintiff-Intervenor may, if she wishes, produce true and correct copies of such documents for inspection and copying by the District's counsel. Production of copies together with a list of the documents produced will be accepted as compliance with such request.

11. If an interrogatory requests documents or information you consider privileged, you shall provide a privilege log that includes the document identification as outlined in paragraph 6, the privilege being asserted, and the grounds on which the privilege rests so that the District may have the factual basis to determine whether such documents are, in fact, privileged.

12. If you cannot answer fully after conducting a reasonable investigation, you shall answer—to the extent you are able—stating what information you do have and the efforts you made to obtain more information.

13. These interrogatories are continuing in nature so as to require the prompt service of amended answers if further or different information or documents are obtained prior to trial.

**FIRST SET OF INTERROGATORIES**

1. State your full name, address, date and place of birth, social security number and your relationship to the decedent.

2. State the address of Karon Hylton-Brown's residences, the identities of all individuals who shared those residences with him in the 12-month period before his death, and how much rent he paid in each location and to whom.

3. Describe Karon Hylton-Brown's education including any vocational training. Your response should include but is not limited to the names of schools he attended, dates of attendance, and any degrees, certificates, etc. that he obtained, his grades, and identification of any grade or program that he did began but did not complete.

4. Describe any known employment or career plans Karon Hylton-Brown had, such as educational pursuits, career aspirations, or financial goals.

5. Identify all sources of Karon Hylton-Brown's income, legal or illegal, and for each source identify: the work performed, whether he was self-employed, any partners or business associates, any employers (including the employer's name, address, and telephone number), position(s) held, dates of employment, salary or wage rates, total revenue obtained, and any anticipated promotions or increases in pay.

6. If you or anyone acting on your behalf interviewed or obtained statements in any form from any person regarding the facts alleged in the case, fully identify each such person, including the name, telephone number, and address of each person from whom a statement was taken, the dates on which the statement or interview was taken, and the names and addresses of the persons who took the statement.

7. Identify every criminal, civil, or administrative matter you, Karon Hylton-Brown or his Estate are or have been a party to, including the jurisdiction where the charges, complaint, or claim was filed, the issues involved, whether you or Karon Hylton-Brown were arrested, and the resolution (outcome) of the matter. Please include a case or claim number, the court or administrative tribunal that adjudicated the matter, and if represented by an attorney, the name and address of the attorney(s).

8. Identify all assets and debts at the time of Karon Hylton-Brown's death, including real property, personal property, cash, investments, retirement accounts, savings accounts, checking accounts, stocks, loans, etc.

9. Identify all damages that you are seeking in this action by stating the categories of damages being sought, the precise amount being sought for each category, the method by which each amount was calculated, and the basis for claiming such amount (including any supporting documents and any witnesses and their anticipated testimony).

10. If Karon Hylton-Brown paid rent or financial support to you or others, including financially to any household expenses, describe the arrangements, including the frequency and amount of payments, and any written or oral agreements regarding these payments.

11. Identify all medical providers Karon Hylton-Brown sought treatment from in the seven years preceding his death and up until his death, including the name of the facility, the

treating individual, the location, and the reason for the treatment. Sign the attached medical authorization.

12. If you are claiming you are entitled attorney's fees and costs as a result of your claim, provide the total amount, a detailed accounting of any claimed attorney's fees, including the name of the attorney, the attorney's hourly rate, each task performed, the date the task was performed, and time spent on each task. Your answer should include supporting documentation for your claim.

13. Please describe Karon Hylton-Brown's eyesight in detail, include whether he had any visual impairments, whether he wore glasses or contacts to correct his vision, the prescription for your corrective eyewear (i.e., glasses or contacts), and the state of his eyesight when wearing corrective eyewear.

14. Identify any statutes, rules, regulations, codes, laws, ordinances, standards of care, and standard operating procedures that you contend any Defendant violated and state all facts that support your contention.

15. State the name, address, telephone number, and relationship to you of all persons who you believe have knowledge of any facts pertaining to the alleged Incident, including individuals who have knowledge of any injuries or damages sustained by Karon Hylton-Brown. For each individual, state the knowledge each person possesses and the basis of the knowledge, where he or she was located at the time of the incident, and identify whether the individual has provided a written statement to you, your attorneys, or anyone else acting on your behalf.

16. Do you have photographs or videos in any way related to the Incident alleged in the Complaint, including but not limited to of the scene, the occurrence, of Karon Hylton-Brown, and/or his injuries? If so, state the date each photograph or video was taken, the name and

address of the individual who took the photo or video, and the identity of the subject or object shown in each such photograph or video. Your answer shall include photographs and videos taken with cell phones and any other electronic recording device.

17. Describe Karon Hylton-Brown's driving history, including each operating permit or driver's license he had obtained, when and where he obtained his operating permit or driver's license, the jurisdiction and number of each such permit or license, whether such permit or license is or was subject to any restriction and the nature and timing of any such restriction, whether he have ever had his permit or license suspended or revoked and the circumstances related to such action, whether he had ever been ticketed for a moving violation and the circumstances of each such ticket, whether he had ever been the driver of a vehicle involved in an accident and the circumstances of each such accident, and whether he was found at fault for any such infraction or accident.

18. Had Karon Hylton-Brown consumed any alcoholic beverage, recreational drug (legal or illegal), or prescription medication in a 24-hour period before the Incident described in your Complaint? If yes, state what he consumed or was administered, (including the generic, PDR-reference, street name, or brand name), the amount/quantity/dosage he consumed or were administered, and where and when, in relation to the occurrence, did he consume or take such substance. Please sign the attached authorization for the release of healthcare provider records.

19. State whether you have received compensation or benefits related to this incident from other sources, including but not limited to: (1) settlement of any claim against a tortfeasor; (2) workers' compensation benefits; (3) disability benefits; (4) health insurance benefits; (4) other third-party sources; and (5) Medicare or Medicaid benefits. For each such benefits, please (a) the identity of the payor of the benefits; (b) the nature of the payment (e.g. workers'

compensation, disability benefit, etc.); (c) the amount of the payment received to date; and (d) whether the payor has notified you of an intention to exercise a lien against your claims.

20. If Karon Hylton-Brown paid rent or any other monthly costs to you, state the precise amount being sought for each category, the method by which each amount was calculated, and the basis for claiming such amount, including how much rent in total you paid.

Date: January 31, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Berman*
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

*/s/ Elise Levy*
ELISE LEVY [90018007]
ELI KOPPEL[1]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, DC 20001
(202) 724-6617; (202) 724-7316
elise.levy@dc.gov; eli.koppel@dc.gov

***Counsel for Defendant District of Columbia***

[1] Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Jonathan Berman, a member of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c).

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, I served a copy of the Defendant District of Columbia's First Set of Interrogatories to Plaintiff-Intervenor Karen Hylton via email to:

Karen Hylton
c/o Charles Gerstein and Jason Harrow
Gerstein Harrow LLP
1001 G Street NW Suite 400e
Washington, DC 20001
charlie@gerstein-harrow.com
*Counsel for Plaintiff-Intervenor*

*/s/ Elise Levy*
ELISE LEVY
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMAALA JONES-BEY, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>***Defendants*.** | **Civil Action No. 1:21-cv-02674 (JMC)** |

**DEFENDANT DISTRICT OF COLUMBIA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF-INTERVENOR KAREN HYLTON**

TO: Karen Hylton
c/o Charles Gerstein and Jason Harrow
Gerstein Harrow LLP
1001 G Street NW Suite 400e
Washington, DC 20001
(202) 670-4809
charlie@gerstein-harrow.com

*Counsel for Plaintiff-Intervenor*

Under Federal Rules of Civil Procedure 26 and 34, Defendant District of Columbia (the District) requests Plaintiff-Intervenor Karen Hylton produce and make available for inspection and copying the documents, electronically stored information, and/or tangible things contained in this Request for Production of Documents. Documents, electronically stored information, and/or tangible things responsive to these First Set of Request for Production of Documents are to be produced to the Office of the Attorney General for the District of Columbia, c/o Eli Koppel (eli.koppel@dc.gov) and Elise Levy (elise.levy@dc.gov), Assistant Attorneys General, within 30 days of service of these requests.

Documents, electronically stored information, and anything else responsive to these requests that can be sent electronically should be produced via email.

In responding, Plaintiff-Intervenor shall furnish all requested documents, not subject to a valid objection, which are in her possession, custody, or control, including materials in the possession of her attorneys and law firms. Each request for an item is continuing in nature so as to require Plaintiff-Intervenor to promptly supplement her responses with additional documents if obtained before trial.

**DEFINITIONS**

The following definitions shall apply throughout these discovery requests, unless context plainly dictates or a request specifically provides otherwise:

1. "Incident" shall mean the factual events and circumstances that are alleged in Plaintiff-Intervenor's Complaint in Intervenor from which Plaintiff-Intervenor alleges injury.

2. "Complaint" refers to the operative complaint in this action, and the obligation to respond to this request for production and reasonably amend responses extends to any amended complaints filed in this action.

3. "Communication" means the transmittal of information, oral, written, or electronic in the form of facts, opinions, ideas, inquiries, or otherwise.

4. "Person" means any natural person or any business, legal, or governmental entity.

5. The term "document" or "documents" means any material, information, or tangible thing discoverable under Federal Rule of Civil Procedure 34(a)(1), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

## INSTRUCTIONS

1. Unless otherwise indicated, these requests refer to the time, place, and circumstances of the occurrence referred to or complained of in the pleadings.

2. Under Federal Rule of Civil Procedure Rule 34(b), documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.

3. For each request for production asserted to be privileged or otherwise excludable from discovery, identify that information on a privilege log. State the specific basis for such claim of privilege or other ground for exclusion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents you examined, relied on, referred to, consulted or read in connection with the preparation of your Answers to Interrogatories.

2. Copies of all documents obtained in connection with this litigation, or related to the claims in your complaint, through FOIA requests, authorization, release, or subpoena(s) duces tecum.

3. Copies of all witness statements in connection with this litigation, or related to the claims in your complaint, including but not limited to statements given by the parties.

4. All documents that support your claim of deficiencies in the supervision, training, retention, or discipline of members of MPD that you allege caused harm to Karon Hylton-Brown.

5. All documents that support your claim that you, Karon Hylton-Brown, or his next of kin suffered damages (both economic and non-economic) as a result of the incident alleged in your complaint.

6. Copies of Karon Hylton-Brown's Federal and State/District income tax returns, W2

7. Records and documents related to the administration of Karon Hylton-Brown's estate including probate records, death certificate, and funeral or burial expenses.

8. Records establishing parentage of all children fathered by Karon Hylton-Brown including but not limited to birth certificates, paternity testing results, and/or family court orders.

9. Documents regarding Karon Hylton-Brown's education sufficient to show the schools, grades, and programs he attended, his grades, his diplomas, whether he failed to complete any grade or program (and the reasons therefor), his absences, and any discipline imposed by the school or program.

10. Copies of all bills or documents that support your claim for attorney's fees and costs.

11. Produce all medical documentation from the seven years before Karon Hylton-Brown's death and up until his death, including Karon Hylton-Brown's medical records, reports, along with any and all applications for and supporting medical documentation, disability benefits, insurance benefits, or workers' compensation benefits received. Please sign the attached medical authorization.

12. All medication or prescription labels, instruction sheets, drug information sheets and receipts for any drug, medication, or prescription Karon Hylton-Brown consumed or was administered for the two years before, and any time after, the alleged Incident.

13. Produce all employment contracts, offer letters, termination letters, and performance reviews for any job Karon Hylton-Brown held.

14. Produce all documents showing any outstanding loans, debts, or obligations owed by or to Karon Hylton-Brown at the time of his death.

15. Produce all documents showing any anticipated or future economic losses related to the Incident, including but not limited to estimates and expert reports.

16. Produce any court orders, agreements, or other documentation regarding childcare or custody arrangements involving Karon Hylton-Brown's child.

17. Produce any business cards, notes, or documentation provided to you by persons who witnessed the Incident or who assisted Karon Hylton-Brown at the scene of the alleged Incident.

18. Produce all reports, documents, or other writings of all persons who investigated the facts of the Incident on your behalf.

19. Provide copies of all documents, reports, statements, or other writings regarding any criminal, civil, or administrative proceeding to which you or Karon-Hylton Brown were involved in, within the last ten years.

20. Produce the bank statements and credit card statements for any account owned by Karon Hylton-Brown for the seven years preceding his death.

21. Produce all communications (including text messages and phone records) between you and Karon Hylton-Brown in the two years preceding his death and up until his death that discuss or mention: (a) any financial support provided by Mr. Hylton-Brown to you or (b) any disputes or disagreements between you. This request is limited to communications that are not purely social in nature and does not include communications with third parties.

Date: January 31, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Berman*____________
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

*/s/ Elise Levy*____________________
ELISE LEVY [90018007]
ELI KOPPEL[1]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, DC 20001
(202) 724-6617; (202) 724-7316
elise.levy@dc.gov; eli.koppel@dc.gov

***Counsel for Defendant District of Columbia***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, I served a copy of the Defendant District of Columbia's First Set of Requests for Production of Documents to Plaintiff-Intervenor Karen Hylton via email to:

Karen Hylton
c/o Charles Gerstein and Jason Harrow
Gerstein Harrow LLP
1001 G Street NW Suite 400e
Washington, DC 20001
(202) 670-4809
charlie@gerstein-harrow.com

*Counsel for Plaintiff-Intervenor*

*/s/ Elise Levy*_____________________
ELISE LEVY
Assistant Attorney General

[1] Admitted to practice in New York and Maryland. Practicing in the District of Columbia under the supervision of Jonathan Berman, a member of the District of Columbia Bar, pursuant to D.C. Court of Appeals Rule 49(c).