## THE UNITED STATES  DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMAALA JONES-BEY, et. al.            :
                                     :
          *PLAINTIFF*                :
                                     :
v.                                   :    Civil Action No. 1:21:-cv-02674 JMC
                                     :
                                     :
DISTRICT OF COLUMBIA, et.al          :
                                     :
          *DEFENDANT*                *:*

Comes now, Plaintiff, Z.J.B., by P/R Amaala Jones-Bey, and in opposition to Defendant's, District of Columbia's Motion for a Protective Order states as follows:

Plaintiff asserts that the District's request for a Protective Order is premature.  The District says on page 3 at the bottom of the page, "The District does not seek a ruling today that any particular material merits (or does not merit) "Confidential" treatment."  Until such Motion is ripe, it should not be entered.  There are many reasons why this Protective Order is not ripe for consideration, not the least of which is the tidal wave of Trump Pardons, of which this case is one of the early Trump Second Term Pardons.  Or, as the recently released "Interim DC Assistant Attorney General" Ed Martin, and now the Department of Justice Pardon Attorney for

1

the Trump Administration Justice Department, Mr. Martin has explained to social media on "X" provided May 26, 2025, "No MAGA Left Behind." Does this sound like a just process for pardoning Trump loyalists, including Officer's Sutton and Zabavsky? It is biased beyond belief. Thus, "Sunlight" is desperately needed in this case, not greater "Protection".

Plaintiff is giving this court now just 3 reasons highlighting why the issues that the Defense Counsel seek to bury with a "Protective Order" should not be given initial pre-emptive power:

1) Trump should be required to take a deposition regarding the pardoning of Officers Sutton and Zabavsky to show his state of mind at the time Trump pardoned them. This is the kind of request that Defendants would argue should be done under a Protective Order. Plaintiff would argue that the President's answers should be available to the public!

2) An explanation of the dichotomy of the "Stop the Steal" Pardon of the 1,600 January 6, 2021 Capitol Hill Protestors and pardoning both Officer's Sutton and Zabavsky. This should not be done under a protective Order.

3) The Court should allow Plaintiff to prove that Trump pardoned a crooked cop, i.e. Officer Terence Sutton. This should not be done under a Protective Order.

Each of these 3 examples demonstrate issues likely to be requested by Defendants under a Protective Order that should be denied. Thus, no general Protective Order should be entered and each "Protective Order" request should be handled on an individual basis.

The likelihood of Defendants challenging these 3 points are high and that they would propose a preemptive Protective Order. These are just three points and the public has a right to know just how corrupt and incompetent their government is, and how right the Sutton and Zabavsky jury was. Given the scope and breadth of these national issues, a "Protective Order" at this stage would be short sighted and can better be handled on a point by point basis.

It took several years for the USDC for DC to reach a final guilty verdict and sentencing in the case of the Sutton and Zabavsky trial that includes second degree murder, obstruction of justice and conspiracy to commit obstruction of justice. With one stroke of the pen, Trump over-road the jury decision and then pardoned Sutton and Zabavsky of their respective crimes. Perhaps more than any other case, this case needs "sunlight" because, as Associate Justice Louis Brandeis pointed out, "Sunlight is the best disinfectant".

This case has traveled over several national crossroads during its sojourn through the legal landscape.  One, Trump over-rode this long-standing judicial process a jury decision which came after several years of litigation in *USA v. Terence Sutton and Andrew Zabavsky*, 21-cr-598. One singular man changed the course of events in this case by upending the jury's verdict with a Presidential Pardon.  Only President Trump knows what was on his mind when he pardoned Officers Sutton and Zabavsky nullifying the unanimous jury verdict of these Officer's peers.  The consequences of the pardon have been felt up and down the Judiciary and the Executive Branch.  To have one man change the trajectory of this important legal case after years of litigation with just a stroke of a pen deserves further civil inquiry as to the reasons therefore, and the consequences thereof.  No doubt, discussion of these points from the District's position would prefer it to be under a Protective Order.  The vast majority of the District would prefer "sunlight" on this case!

Thus, Plaintiffs are going to request a deposition of President Trump as to why he pardoned Officers Sutton and Zabavsky, and how he executed this pardon and whether an unapproved Interim Assistant Attorney General's decision to provide pardons for his client, and the 1600

Stop the Steal Convicts should have been pardoned as one of Trump's first official acts as President of the United States.

In order to prove that Trump was the friend of the police, Trump said, "I am the friend of the police more than any president who's ever been in this office."  Whereupon, Trump pardoned Officers Sutton and Zabavsky. Thus, Trump pleased two groups that appeared somewhat contradictory with a swift political move.  Trump gave his political base 1600 Stop The Steal incarcerated prisoner pardons.  He also gave the two police Officers Pardons, Officers Sutton and Zabavsky, the former who was guilty of second degree murder and both Sutton and Zabavsky pardoned of Obstruction of Justice and Conspiracy to Commit Obstruction of Justice. By giving the two groups pardons, he satisfied his "pro-MAGA Base" and his "pro-Police Base".

In making these moves, President Trump vacated and rendered moot, the guilty verdicts of Officer Zabavsky for Obstruction of Justice and Conspiracy to Commit Obstruction of Justice and Sutton for Second Degree Murder and Obstruction of Justice and Conspiracy to Commit Obstruction of Justice.  These pardons robbed Plaintiff KHB, the opportunity to use "collateral estoppel" to effect judgment in the civil action

counts of the instant case.   The Nation has an interest in this wave of Pardons in general and the case of Sutton and Zabavsky in particular.

This act of pardoning Sutton and Zabavsky is unique.  Only Trump knows why he pardoned Officer's Sutton and Zabavsky.  What we know at the time is that Trump thought these officers were chasing an "illegal"! Exhibit 1.  It was not on President Trumps mind that the DC MPD Officers pulled up on KHB when he was stationary.   President Trump apparently thought that the chasing officers were caught in flight, not pulling up on a stationary biker.  Presumably, Trump thought that these officers were chasing a getaway felon, who was by Trumps own words, "A rough criminal, by the way."  This does not match KHB's history where he is not recorded as ever being convicted of a felony.  Either Trump is given to hyperbole or has confused KHB with someone else!  Either way the characterization by Trump of KHB  being a rough criminal was not true. .

What President Trump had on his mind is, no doubt, what defrocked former Interim USA Assistant Attorney General for DC, Ed Martin, told him when he was encouraging a pardon of Ed Martin's client and the other "1600 stop the steal" convicted Capitol Hill protestors.  Not only was KHB not committing a felony when the Four Crime Suppression Team (CST) Officers pulled up on KHB, in Sutton's unmarked police car, it was Sutton

6

who was committing the offense by engaging in an unlawful "vehicle pursuit" with an unmarked police car, which is also a violation of G.O. 301.03.

KHB was not even driving when Officers Zabavsky, Sutton and the newer officers pulled up on KHB. Yet, it doesn't matter to the CST Supervisor, or the Chief of Police Pamela Smith that Sutton and Zabavsky committed felonies.  COP Smith welcomed these Police Officers back onto the Police Department.  Shortly, thereafter the Hon. Paul Friedman, who has years sitting on the Bench of the USDC for DC, delivered an appropriate rebuke for those who publically criticized the findings of his court.  Does this court not recognize the words of the Honorable Paul Friedman? Exhibit 1.  Friedman's rebuke of COP Pamela Smith. The new COP Smith prefers criminals to justice and so does President Trump when it comes to one of their own.  But it is anticipated that the District would prefer a "cloak of a Protective Order" from which to decide such issues rather than brilliant opaque sunlight.

Now, it remains to be seen if the citizens of the District of Columbia share President Trump's and COP Smith's pardon perspective of justice. The public deserves to know what was on the mind of President Trump when he pardoned Sutton and Zabavsky.  Plaintiff is not contesting the

President's power to pardon Sutton and Zabavsky. Plaintiff is contesting whether President Trump can hide his reasons for doing so to void "sunlight". A civil jury deserves to know what was on the mind of President Trump when he pardoned officers Sutton and Zabavsky.

If we take on face value what President Trump said, he thought that KHB was a criminal and an illegal when the police pulled up to KHB and gave chase. A civil jury deserves to know what was on Trump's mind at the time he decided to pardon Sutton and Zabavsky. Thus, only by deposing Trump will this Court know what was on the mind of President Trump when he pardoned Sutton and Zabavsky.

Pardoning Sutton and Zabavsky is very relevant to this civil case as only President Trump knows those reasons; and KHB would have won his civil case based on "Collateral Estoppel" but for the pardon of Sutton and Zabavsky. Since only President Trump can state under oath what was on his mind when he pardoned Sutton and Zabavsky, a deposition of Trump is in order and the public will cry out for a copy of the deposition of President Trump for this Presidential Pardon. This is just one obvious interface between the District's proposed Protective Order and what the public and my client would demand, i.e. no Protective Order!

Another anticipated interface between the privatization of the Pardon and the Public, is the broad scope of the Pardon power that is anticipated from the duo of President Trump and the former Interim Assistant Attorney General for the District of Columbia, who is now the new Department of Justice Impresario for Pardon's, Ed Martin.  Since Ed Martin didn't have the votes to become the Assistant Attorney General for the District of Columbia, Ed Martin burrowed into his new place in the "Trump" Justice Department as the Attorney for Pardon's.   No sooner did he arrive at this exalted station than he has helped to engineer a wave of pardons when he recently shouted into his Pardon Megaphone, via a social media post, "No MAGA left behind" on May 26, 2025 on "X".

This quote has triggered a wave of resentment and has catapulted Trump's pardons into the public view.  Since Ed Martin has pounced into the public Pardon fray, Trump and Martin should not be allowed to hide behind a Protective Order when brandishing public support for Public Pardons on a very broad scale. Plaintiff believes that KHB would have won his civil suit by now without the benefit of a Presidential Pardon based on Collateral Estoppel.  Allowing Defendant's to further delay and hide behind a Protective Order would adversely affect the orderly process of this very

public case. Each request for a Protective Order should be considered on a case by case basis.

Only President Trump can articulate what was on the mind of Trump at the time he pardoned Sutton and Zabavsky. The only evidence of the reason for the pardon lies with President Trump! This is just one example of the need to take Trump's deposition in a public form, which would nullify the District's request for a Protective Order. Certainly, the request for a Protective Order should not be entered now with the entire US audience waiting with baited breath as to what the President would say as to why he pardoned Sutton and Zabavsky under oath. Trump should not be able to use his pardon power and then hide behind his reasons for doing so.

Reason Two - Another reason that Plaintiff's oppose this premature Protective Order Request is that the public has the right to know why President Trump was in such a hurry to score political points with his base by pardoning his "January 6, 2021, Stop The Steal" Defendants as one of the first acts of his Presidency. This was announced by President Trump at a press conference when Trump discussed potential pardons. "Trump had referenced the potential pardons several times in recent days, including Tuesday at an unrelated press event at the White House when he was asked whether his decision to pardon the January 6th, 2021, U.S. Capitol

rioters sent the message that it's OK to assault police."  Thus, when Trump

became President, the dichotomy between protecting his "stop the steal"

Capitol Assailants, i.e. the part of his base which rebelled against the

police; and the "pro-Police" base which Trump wanted to keep on his

political ledger too, allowed Trump to use his pardon power to please both.

Trump explained this dichotomy to his base via an answer to press

question.

　　　Trump said:

> "No, the opposite.  In fact, I'm going to be letting two officers
> from Washington police DC, I believe they're from DC, but I just
> approved It."
> 　　Trump said.  "They were arrested, put in jail for five years,
> Because they went after an illegal, and I guess something
> happened where something went wrong and they arrested the
> two officers and put them in jail for going after a criminal.  A
> rough criminal, by the way.  And I am actually releasing … no
> I'm the friend, I am the friend of the police more than any
> president who's ever been in this office."  Exhibit 2.

　　　Thus, we see President Trump trying to straddle two apparently

contradictory police positions – pardoning Officers Sutton and Zabavsky

and releasing 1600 "Stop the Stealers" from jail.  Both sides were so

happy, they just glossed over the contradictions and Trump preserved both

sides of his base.  Thus, Trump, when explaining his "sua sponte" effort to

pardon Sutton and Zabavsky, Trump said, "I am the friend of the police more than any president who's ever been in this office."

This past weekend, on May 25th, 2025, Minnesota celebrated the 5th year Anniversary of George Floyd's Death by renewing commitments to the Black Lives Matter (BLM) Movement that has heretofore receded in degree and scope at the hands of the new President, Donald J. Trump, who has instructed his Justice Department to remove some civil rights Consent Decrees.

Five years ago, the George Floyd Movement did not recede into the recesses of local lore, but expanded its National Scope, especially in light of the collision of Karon Hylton Brown, ("KHB) on or about Oct.23, 2020, and who ultimately passed on October 25, 2020.  In Washington D.C. especially at the 4th District Police Station, on or about October 27, 2020, an onslaught of DC Protestors, led by KHB's mother, Karen Hylton, Plaintiff-Intervenor in the instant litigation marched on the 4th District Police Station in protest of the wrongful death of Karon Hylton-Brown.

When the protestors reached the 4th District Police Station, projectiles were thrown at the glass-like surface of the 4th District Police glass front, some of which broke and others cracked the surface of the glass of the 4th District Police Station.  The DC Case brought with it further focus because

not only was Terence Sutton guilty of second degree murder, both Sutton and supervisor Andrew Zabavsky, the leader of all Crime Suppression Teams in the Fourth Police District, were found guilty of Conspiracy and Obstruction of Justice by their further "COVER-UP"!   Apparently they were taught well by their Supervisors as now the District of Columbia wants to do a "COVER-UP"  of the trial by requesting a "Protective or should we say, a "COVER-UP ORDER".  Why compound the cover-up rouse with a "Protective Order"?

The criminal convictions Sutton and Zabavsky stayed in place until the second day of President Trumps Presidency when President Trump pardoned Officers Sutton and Zabavsky.  Not only did President Trump pardon officers Sutton and Zabavsky, he vacated their sentences which rendered the criminal convictions moot. This canceled the meticulous mountain of work executed by the Hon. Paul Friedman's court.  When the Chief of Police for the District of Columbia praised Trump for canceling the convictions of Sutton and Zabavsky, the Hon. Friedman rebuked the Chief of Police the attached letter.  Exhibit 1.  Then Martin helped arrange the rehiring of Sutton and Zabavsky back onto the DC MPD including by some reports, with partial back pay.

During this period, President Trump appointed Ed Martin as the Interim Assistant Attorney General for DC, according to the May 23, 2025, Washington Post article, "Martin's Failure shows Trump hold has limits". Martin is the first U.S. attorney in 50 years without prior experience as either a prosecutor or a judge."  The most important Assistant USA Attorney is the DC AUSA because of all of the Federal Agencies it covers as well as the typical criminal and civil cases under Federal Law.

Where Ed Martin excels is in executing the political machinations of President Trump. Martin has demoted top prosecutors who handled prior high level prosecution to handling misdemeanors and intake because the prosecutors prosecuted January 6, 2021, "Stop the Steal" offenders. Instead, Martin engineered the pardons for 1600 "Stop the Steal January 5, 2021 rioters".

Perhaps the clearest exposition of the corrupt nature of the dynamic duo, Trump and Martin, is expressed in the Metro Section the March 1, 2025, Washington Post.by Spencer S. Hsu, Metro Section, "Purge hits attorney's office for District." "Seven Top prosecutors have been demoted to low-level positions."

"Seven top leaders of the U.S. attorney's office for Washington, D.C. were demoted to misdemeanors and entry level intake positions Friday, ….

14

The prosecutors are among a larger group targeted for "retribution" by President Donald Trump and loyalists, including Interim U.S. Attorney, Ed Martin, because of their roles in Jan. 6, (2021), Capitol seditious conspiracy and riot cases and others, including ones involving Trump allies such as advisors Stephen K. Bannon, and Peter Navarro, according to eight people close to the office, speaking on conditions of anonymity for fear of reprisals.

"The seven prosecutors were notified by email Friday morning of their immediate removal from high ranking supervisory or senior roles in the federal criminal division of the nation's largest U.S. Attorney's Office.  Their jobs included overseeing or leading public corruption, fraud, major violent crimes and complex conspiracy cases, according to the office's website and public records"

"They were reassigned to misdemeanor or early case assessing screening in D.C. Superior Court the people said."

"As you know, each U.S. Attorney must access the needs of his office to achieve the goals set forth by the President and Attorney General." Martin wrote to one of the prosecutors in an email obtained by the Washington Post. from a person outside of the government. "Therefore I am assigning you to Misdemeanors effective immediately" he wrote, advising the recipient to "at once and that the change is not temporary."

Not only has Trump demoted the most experienced US Attorneys to entry level assignment and misdemeanors, Trump has taken aim at the crown jewels of the USDC for DC bench.  In all due respect, the Chief Judge of the USDC for DC is a Yale educated scholar who has been given high level security positions.  He has made sure that cases are assigned on a rotational basis, not by cherry picking. One could not imagine a District more fortunate than DC to have such a stellar Chief Judge, (and I speak as one who has been criticized by him).  Yet Trump threatens to have Hon. James Boasberg impeached when he disagrees with President Trump. Fortunately, the Chief Judge of the Supreme Court, Roberts stepped into the breach by saying, "For more than two centuries, it has been established that impeachment is not an appropriate response to disagreements concerning a judicial decision."

So far, Boasberg's rulings on preserving the rights of "due process" have been upheld. And other Federal Judges have followed suit to uphold "due process".  Boasberg stood firm when Boasberg demanded that the plane of immigrants be turned back around and then to facilitate the return of Abrego.Garcia when Trump challenged Boasberg by using the Alien Enemies Act of 1798 during non-wartime conditions.

According to the Washington Post Article, "Trump's pardons have cost American's $ 1 Billion Dollars fired DOJ Attorney claims." Exhibit 2. It is a sad judicial day when the only person the President will listen to is the Chief Justice of the USA!

Plaintiff's recounting of the President's controversy with the Courts is not an idle exercise of doing predictable judicial push-ups. It is necessary to place in clear relief the President's actions to challenge the judicial safeguards that have been put in place to protect a citizen's rights against overbearing Presidential prerogatives; which President Trump hurls at the public in general and the Chief Judge of the USDC for DC in particular. And given the number of times that Trump loses these battles, it is obvious which side is winning! Thus, Plaintiff steps forward and pronounces his point, the only way to correct this sad day is to take the deposition of President Trump, who pardoned Officers Sutton and Zabavsky. Had not Trump Pardoned Officers Sutton and Zabavsky, this instant civil case would probably have been resolved based on Collateral Estoppel. Thus, the basis for the pardon should be properly explored in the deposition of President Trump. Only the one granting the pardons have the answers.

If the basis was fallacious for pardoning Officers Sutton and Zabavsky, that pardon should be explored; as well as the person exercising

that pardoning power.  According to the CNN's account of the Trump dialogue, "Trump had referenced the potential pardons several times in recent days, including Tuesday at an unrelated press event at the White House when he was asked whether his decision to pardon the January 6, 2021, US Capitol rioters sent the message that it's OK to assault police." To which Trump answered, "No the opposite.  In fact, I'm going to be letting two officers from the Washington police DC, I believe they're from DC, but I just approved it," Trump said.  "They were arrested, put in jail for five years, because they went after an illegal, and I guess something happened where something went wrong and they arrested the two officers and put them in jail for going after a criminal.  A rough criminal, by the way.  And I'm actually releasing…No I'm the friend, I am the friend of police more than any past president who's ever been in this office."

These remarks set forth the state of mind of President Trump at the time he was in the process of perfecting the pardons of Sutton and Zabavsky.  We know that Trump thought that 1) "because they went after an illegal, 2)  and they "put them in jail for going after a criminal." At this time, KHB was not a criminal.  He wasn't driving when Sutton and crew pulled up on KHB, but looking for his keys  3) that KHB was a "rough criminal" by the way.   At the time of this incident, KHB had never spent a

year in jail and Plaintiff could find no evidence that KHB ever was convicted of a felony.  All of Trump's impressions about KHB were wrong.  KHB was a born in the USA and was a citizen of the USA. There is no evidence that KHB ever committed a violent felony.  The only ones being violent were the DC Police!   Only President Trumps statements regarding pardons are definitive and Plaintiff needs to get these statement under oath.  Thus, it is necessary to depose President Trump!

Trump is trying to balance his loyalty to his "Stop the Steal" January 6, 2021 base and also his support of the Police.  While these moves make political sense, they are weighed in the balance and found wanting in the scales of Justice.  Lady Justice is razing her blindfold and exclaiming, "Are you kidding me?"  Only a twisted mind could wrap around these contrary political ideas and harmonize them!  Yet, Trump, in short order pardoned both the 1600 Stop the Steal January 6, 2021, thanks to the help of Ed Martin, and also pardoned Officer's Zabavsky, and Sutton; thus, pardoned both sides of this two headed coin – the Stop the Steal protestors who fought the cops at the Capitol on January 6, 2021 and the Police officer's Sutton who committed second degree murder, and both Sutton and Zabavsky who committed Obstruction of Justice and Conspiracy to Commit Obstruction of Justice.  However incongruous, both the DC MPD police and

the stop the stealers left the table satisfied.  Good piece of work by the

"non-political President"!   Both the Stop the Stealers were happy with their

reprieve and Police Officers Sutton and Zabavsky couldn't thank President

Trump enough, along with Chief of Police, Pam Smith who was rebuked by

the Honorable the Hon. Paul Friedman for esteeming the trial of Sutton and

Zabavsky as a miscarriage of Justice.

When tested against reality and the holdings of the USDC for DC, the

Hon. Paul Friedman entered the jury verdict against Officer's Sutton and

Zabavsky.  He rebuked the D.C. Chief of Police, Exhibit *, and finalized his

98-page Order! Exhibit, Case 1:21-cr-00598-PLF Document 526, Filed

12/06/23, Pages 1 – 98.  No one is doubting the power of the President to

pardon Officers Sutton and Zabavsky, but Trump is providing a pardon

based on incorrect information, this court should revisit this contradictory

political decision and establish the facts which allowed these officers back

in the bosom of the DC MPD.

Given the high importance of this case, and the interests of the public

and the police, full disclosure outweighs the President's efforts to engage in

an "Official Cover-up".  The interests of the public demand this!   Those

who are interested in George Floyd and Karon Hylton-Brown should have

the information made available to the public.

The exterior cleansing by the D.C. Mayor who ordered the scrubbing 16th Street, NW, "BLM" Moniker was weighed in the balance of losing "Home Rule" and the Billion Dollars that the District is still trying to obtain from the "Big Beautiful" Reconciliation Continuing Resolution H.R.1 No word yet on the final outcome of the billion which the District so sorely needs.

Part of Plaintiff's case is that Sutton was a dirty cop who stole drugs and money from his biker victims. Ten such Affidavits are provided herein. If this fact was widely known among bikers, it was also known to some MPD Police Officers. One of the facts which the MPD Investigation overlooked was the fact that Trump pardoned a corrupt cop. Surely this fact was known to other officers, including, most likely, Andrew Zabavsky. The fact that Trump pardoned a "crooked cop" should be exposed. See 10 Affidavits, Exhibit ***.

Part of the blame goes to the parties who are framing the facts to the President. The President and the Officers have presented the arguments that KHB ran from officers who chased him because he wasn't wearing a helmet. The facts are much different. When the officers in both police cars pulled up on KHB, Sutton's unmarked car and Zabavsky's marked Police

car, KHB was looking for his keys, not driving a legal Moped as the police assert.

Citizens have no obligation to stop for officers who try to engage a citizen with conversation. According to Judge Friedman, KHB had a right to flee.  The facts that things can get messy did not stop the Hon. Paul Friedman from achieving justice.

"Right to Flee" III THE COURT: You can't say that every time a guy flees they have a right to chase him. You can't say that every time a guy flees they have a right to search him, seize him, stop him. People have a right to walk the streets. They have a right to ride the streets. They have a right to say no to the police; I'm not going to talk to you. They have a right to run from police. MR. HANNON: They do not have a right to flee the police who are attempting to conduct a stop. They do not. Period. THE COURT: You're wrong. I mean I disagree with that. That can't be right. That can't be right. TR 10/13/22 (ECF 306) at 48-49

Case 1:21-cv-02674-JMC, page 3, lines The Court: "When did the probable cause arise? P.13

Mr. Richards: When he fled from --; The Court:  That's not enough.  Mr. Richards: When the officer was trying to initiate a stop. The Court: Flight not enough for probable cause; What plus factor? What added to the

"reasonable suspicion" all of a sudden, Mr. Richards: "His reckless driving and his criminal history."  The Court: He was driving recklessly because he was being chased.

Thus, it is not well placed to accuse decedent of traffic infractions that are not felonies as justification to engage in a vehicle pursuit.  The only reason that KHB was being pursued is because the police were pursuing him in violation of G.O. 301.03.   In any event, not wearing a helmet is not a serious felony, and not even a felony at all.  The jury understood this and Terrence Sutton was convicted of second degree murder.

CONCLUSION:

The U.S.D.C. for DC has been right all along.  The Honorable James Boasberg has stood tall to take on President Trumps incorrect understanding of the law.  He was right to require "due process" for an immigrant who was wrongfully deported to El Salvador in violation of a prior judge's ruling.  The U.S.D.C. reached a correct result in finding that the Aliens and * Act of 17 did not allow the Executive Branch to Deport people without due process of law.

Thus, Plaintiff will attempt to depose President Trump, and prove that Trump's Executive Branch wrongfully deported Garcia, and prove that Trump hastily pardoned a corrupt cop, and denied justice by playing to both

the Stop the Stealers and the correctly convicted cops of Second degree

murder, Obstructed Justice and engaged in a conspiracy to Obstruct

Justice.  While the Mayor, the COP and the President of the USA helped

these parties to escape justice, Amaala Jones Bey has stayed the course

and intends to win as did the AUSA won in the case of * until Trump

stepped in with his untimely and unfortunate pardon of corrupt cops.


_____/s/_____
David L. Shurtz, Esq.


Submitted by:

_____/s/_____
David L. Shurtz
Counsel for Plaintiff
1200 N. Nash Street,  # 835
Arlington, VA  22209
(202) 617-9141

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing response to Defendant's Request for a Protection Order was sent by this Court's delivery service to all registered parties on this 31st day of May, 2025.


_____
David L. Shurtz, Esq.